FILED
 2008 Apr-14  PM 04:05
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) ) Civil Action Number: |
| HANNA STEEL CORPORATION, CEOLA ALLEN, KATIE LOWERY, LARRY AARON, COLUMBIA CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, FIREMAN'S FUND INSURANCE COMPANY, AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1.      The plaintiff, Pennsylvania National Mutual Insurance Company ("Penn National"), is an insurance company incorporated and organized under the laws of the state of Pennsylvania, having its principal place of business in the state of Pennsylvania.

2. The defendant, Hanna Steel Corporation ("Hanna Steel"), is a company incorporated and organized under the laws of the state of Alabama, having its principal place of business in Jefferson County, Alabama. It is the named insured under policies issued to it by Penn National.

3. The defendant, Ceola Allen, is the lead plaintiff in that certain case styled Ceola Allen, et al v. Hanna Steel Corporation, et al, Civil Action Number -04-79, filed in the Circuit Court of Jefferson County - Bessemer Division, which is attached as exhibit "A" and incorporated by reference. The Allen plaintiffs collectively are believed to be over the age of 19 years and residents of Jefferson County, Alabama. They are not residents of the state of Pennsylvania.

Penn National names these plaintiffs in the Allen case to provide notice of this declaratory judgment action and will specifically name each individual plaintiff if requested to do so.

4. The defendant, Katie Lowery, is the lead plaintiff in that certain case styled Katie Lowery, et al v. Hanna Steel, et al., Civil Action Number -05-1749, filed in the Circuit Court of Jefferson County, which is attached as exhibit "B" and incorporated by reference. The Lowery plaintiffs collectively are believed to be over the age of 19 years and residents of Jefferson County, Alabama. They are not residents of the state of Pennsylvania.

Penn National names these plaintiffs in the Lowery case to provide notice of this declaratory judgment action and will specifically name each individual plaintiff if requested to do so.

5. The defendant, Larry Aaron, is the lead plaintiff in that certain case styled Larry Aaron, et al v. Hanna Steel Corporation, et al, Civil Action Number -07-40, filed in the Circuit Court of Jefferson County - Bessemer Division, which is attached as exhibit "C" and incorporated by reference. The Aaron plaintiffs collectively are believed to be over the age of 19 years and residents of Jefferson County, Alabama. They are not residents of the state of Pennsylvania.

Penn National names these plaintiffs in the Aaron case to provide notice of this declaratory judgment action and will specifically name each individual plaintiff if requested to do so.

6. The defendant, Columbia Casualty Company ("CCC"), is an insurance company believed be incorporated and organized under the laws of the state of Illinois, having its principal place of business in the state of Illinois.

7. The defendant, National Fire Insurance Company of Hartford ("NFI"), is an insurance company believed to be incorporated and organized under the laws of the state of Connecticut, having its principal place of business in the state of Connecticut.

8.     The defendant, Fireman's Fund Insurance Company ("Fireman's Fund"), is an insurance company believed to be incorporated and organized under the laws of the state of California, having its principal place of business in the state of California.

9.     The defendant, American Manufacturers Mutual Insurance Company ("AMM"), is an insurance company believed to be incorporated and organized under the laws of the state of Illinois, having its principal place of business in the state of Illinois.

10.    The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

11.    Jurisdiction is predicated on diversity of citizenship and the amount in controversy, 28 U.S.C. §1332, and on the Declaratory Judgment Act, 28 U.S.C. §2201.

## UNDERLYING LAWSUITS

12.    The <u>Allen</u> lawsuit alleges Hanna Steel is liable for damages, including bodily injury and damage to property, as a result of discharging "particulates and/or gases and other harmful chemicals and/or pollutants into Jefferson County, Alabama, and into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties located in Jefferson County, Alabama, and into the plaintiffs' bodies and, because defendants have negligently or willfully allowed said substances to remain in said areas."

13. The <u>Lowery</u> lawsuit alleges Hanna Steel is liable for damages, including bodily injury and damage to property, as a result of discharging "particulates or gases into the atmosphere and into the ground water, or . . . [causing] or [contributing] to cause particulates or gases to be discharged into the atmosphere or the ground water".

The suit also contends Hanna Steel had a "duty to inspect the operations" which resulted in "particulates or gases [having] been discharged into the atmosphere and into the ground water at facilities operated" by Hanna Steel.

14. The <u>Aaron</u> lawsuit alleges Hanna Steel is liable as a result of particulates and gases and other harmful chemicals and/or pollutants discharged into Jefferson County, Alabama during Hanna Steel's "manufacturing process or the process that [it has] supervised and controlled".

15. Hanna Steel has filed claims for coverage under its liability policies with Penn National, Fireman's Fund, American Manufacturers Mutual Insurance Company, Columbia Casualty Company, and National Fire Insurance of Hartford as well as other insurers as a result of the lawsuits filed against it.

## POLICY PROVISIONS

16. Penn National issued policies of commercial liability insurance to Hanna Steel which were effective from December 1, 1992 to December 1, 1997. The policies were numbered CL9 0037301. The policies provided liability coverage for Hanna Steel subject to the terms and conditions of the policies.

17. Specifically, the policies provide as follows:

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .

    \* \* \*

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        (2) The "bodily injury" or "property damage" occurs during the policy period.

18. However, the policies exclude liability coverage for Hanna Steel for expected or intended bodily injuries and property damages. Furthermore, the policies exclude coverage for bodily injuries or property damages arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants".

The policies provide the following pertinent exclusions:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> > a. Expected or Intended Injury
> >
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .
>
> > \* \* \*
>
> > f. Pollution
> >
> > > (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
> > >
> > > > (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:
> > > >
> > > > > (i) "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

      (ii)    "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner of lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

      (iii)   "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

      \*   \*   \*

(b)    At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c)    Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

(d)    At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor.

However, this subparagraph does not apply to:

(i) "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

(ii) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

(e) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

  (2) Any loss, cost or expense arising out of any:

    (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants";

    (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damages" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

19. Additionally, the policies contain a Total Pollution Exclusion Endorsement, CG 21 49 01 96, which specifically provides as follows:

This endorsement modifies insurance provided under the following:

Commercial General Liability Coverage Part

Exclusions f. under paragraph 2., Exclusions of Coverage A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages) is replaced by the following:

This insurance does not apply to:

  f. Pollution

    (1) 'Bodily injury' or 'property damages' which would not have occurred in whole or part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

(2) Any loss, cost or expense arising out of any;

    (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants.

    (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

## JUSTICIABLE CONTROVERSY

20. Penn National and some other insurers are providing a defense for Hanna Steel under a reservation of rights; however, it is Penn National's position that Hanna Steel is not entitled to liability coverage for any claims that may be asserted against it as a result of discharging pollutants into the environment as described in each underlying lawsuit.

21. Furthermore, it is Penn National's position that Hanna Steel is owed a defense by Fireman's Fund, AMM, NFI and CCC to each underlying lawsuit.

22. There is a justiciable controversy which requires the court to declare the rights, remedies, obligations, and liabilities of the parties under the Penn National policies and those polices issued to Hanna Steel by Fireman's Fund, AMM, NFI and CCC.

## REQUESTED RELIEF

WHEREFORE, the premises considered, Penn National requests the court to grant the following relief:

A. Declare that the Penn National policies do not provide coverage for Hanna Steel resulting from any claims asserted against it in each underlying lawsuit.

B. Declare that Hanna Steel is owed a defense by Fireman's Fund, AMM, NFI and CCC to each underlying lawsuit.

C. Declare that Penn National does not owe Hanna Steel a duty to defend or indemnify in each underlying lawsuit.

D. Grant Penn National such other or different relief to which it may be entitled in this case.

*[signature]*

R. Larry Bradford, Attorney for Plaintiff,
Pennsylvania National Mutual Insurance
Company
Attorney Bar Code: asb-8038-f64r

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733
lbradford@bradfordsears.com

## DEFENDANTS SERVED BY CERTIFIED MAIL:

**Cynthia Vines Butler, Esq.**
Cynthia Vines Butler, LLC
1826 Third Avenue North
The Realty Building
Suite 301
Bessemer, Alabama 35020

**Lloyd W. Gathings, Esq.**
**Honora M. Gathings, Esq.**
Gathings Law
2001 Park Place North
Suite 500
Birmingham, Alabama 35203

**Peter C. Adams, Esq.**
**J. Gusty Yearout, Esq.**
Yearout & Traylor
800 Shades Creek Parkway
Suite 500
Birmingham, Alabama 35209

**Kemper Insurance Companies**
**American Manufacturers Mutual Insurance Company**
1 Kemper Drive
11SW-6040
Long Grove, Illinois 60049-0001

**CNA Insurance Companies**
**National Fire Insurance Company of Hartford**
**Columbia Casualty Company**
c/o Kevin S. Horwitz
333 S. Wabash
19th Floor
Chicago, Illinois 60604-0001


**Fireman's Fund Insurance Company**
777 San Marin Drive
Novato, California 94998-3400