# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PENNSYLVANIA NATIONAL** ) | |
| **MUTUAL INSURANCE COMPANY** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Plaintiff,** ) | |
| ) | |
| vs.  ) | CV-08-J-0635-S |
| ) | |
| **HANNA STEEL CORPORATION, et al.** ) | |
| ) | |
| **Defendants.** ) | |

### RESPONSE TO FIREMAN'S FUND INSURANCE COMPANY'S
### <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendant Hanna Steel Corporation ("Hanna Steel") respectfully submits this Response in opposition to the Motion for Summary Judgment filed by Fireman's Fund Insurance Company ("FFIC").

**I.    Response to Initial Statement of Undisputed Facts**

1.    Hanna Steel admits that FFIC issued a Commercial General Liability insurance policy to Hanna Steel, number KXC80371919, for the period December 1, 1998 to December 1, 1999 with limits of $1,000,000 each occurrence and $2,000,000 general aggregate (the "Policy"), but Hanna Steel denies that the policy forms attached to the Affidavit of Daniel J. Kane correctly reflect the Policy that was issued to Hanna Steel.  Hanna Steel Evidentiary Submission, Exh. A.

2. Denied. The Total Pollution Exclusion was deleted from the Policy. Hanna Steel Evidentiary Submission, Exh. A (See page 8 of Exh. 1 to Affidavit of Randall S. Raiford).

3. Hanna Steel admits that Penn National initiated this declaratory judgment action and included other insurers along with Hanna Steel as nominal defendants.

4. Hanna Steel admits that the declaratory judgment action seeks to avoid coverage for the *Lowery, Allen,* and *Aaron* cases. (the "Underlying Lawsuits"). The *Allen* Complaint attached to FFIC's Motion is incomplete. Hanna Steel Evidentiary Submission, Exh. C.[1]

5. Admitted.

6. Admitted.

7. Denied. Hanna Steel Evidentiary Submission, Exhs. A, B.

## II. Summary of Argument

FFIC's sole argument is that the Underlying Claims are excluded from coverage by the Total Pollution Exclusion. However, pursuant to a Change Endorsement, which was part of the Policy, the Total Pollution Exclusion was deleted from the Policy. Hanna Steel Evidentiary Submission (See Exh. 1 to

---

[1] Exhbits F, G, and H to FFIC's Evidentiary Submission are not properly authenticated and should not factor into the Court's consideration of the Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(e)(1).

Affidavit of Randall S. Raiford, p. 8).  Because FFIC's Motion for Summary Judgment is based solely upon the Total Pollution Exclusion, the Motion is due to be denied.

Alternatively, two inconsistent pollution exclusions were incorporated into the Policy.  Along with the purported Total Pollution Exclusion asserted in FFIC's Motion the Policy also lists the "Amendment of Pollution Exclusion – Exception for Building Heating Equipment (CG 00 54 03 97)."  These two endorsements cannot be reconciled in any meaningful way, except by acknowledging that the Total Pollution Exclusion was deleted.  If both of the referenced pollution exclusions became part of the policy, the policy contains an ambiguity that must be construed in favor of Hanna Steel.  *Miles v. St. Paul Fire & Marine Ins. Co.*, 381 So. 2d 13 (Ala. 1980) (where two provisions said opposite things, policy was construed in favor of insured).

## ARGUMENT

**A.     Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, a party is entitled to summary judgment only if  "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

Moreover, "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1369 (11th Cir.1982).

**B.     The Total Pollution Exclusion Was Deleted From the Policy By Endorsement**

Hanna Steel contracted with FFIC to provide it with insurance coverage for the year December 1, 1998 through December 1, 1999. Hanna Steel's Evidentiary Submission, Exh. A. The insurance policy included a Change Endorsement with the following language:

> The following other General Liability endorsement(s) are deleted from the policy:
>
> TOTAL POLLUTION EXCLUSION ENDORSEMENT
> C02149       0196

Hanna Steel's Evidentiary Submission, Exh. A (Page 8 of Exhibit 1 to Affidavit of Randall R. Raiford).

In light of this clear language in the Change Endorsement, FFIC's Motion based solely on the Total Pollution Exclusion must fail.[2] Hanna Steel was entitled to rely on the plain language of the policy it received from FFIC. *Commercial Standard Insurance Co. v. General Trucking Co.,* 423 So. 2d 168, 170 (Ala. 1982).

---

[2] Hanna Steel does not concede that the Total Pollution Exclusion quoted in FFIC's motion would relieve FFIC of its duty to defend the Underlying Lawsuits.

The documents clearly state that the Total Pollution Exclusion Endorsement was deleted from the policy. Hanna Steel believed that it would have coverage for the claims in the Underlying Lawsuits.[3]

### C. Alternatively, the Presence of Two Inconsistent Pollution Exclusions Creates an Ambiguity That Must Be Resolved in Favor of Hanna Steel

According to documents produced by FFIC and its Evidentiary Submission in support of its Motion for Summary Judgment, the Policy included an Endorsement entitled "Amendment of Pollution Exclusion – Exception for Building Heating Equipment (CG 00 54 03 97)" ("Alternative Pollution Exclusion"). Hanna Steel's Evidentiary Submission, Exh. B. The Alternative Pollution Exclusion modifies the same language purportedly modified by the Total Pollution Exclusion discussed in FFIC's Motion, by preserving some of the language in the primary coverage form. The Commercial General Liability Part contains an exclusion that begins as follows:

> **Exclusions**
>
> This insurance does not apply to:
>
> * * *
>
> f. Pollution

---

[3] The actual facts behind the claims in the Underlying Lawsuits are unknown and have not been discovered. Those matters are at early stages of discovery and any determination of FFIC's indemnity obligations based on the actual nature of the allegations contained in the Underlying Lawsuits would be premature without discovery.

>   (1) Bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:
>
>   (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured,
>
>   \* \* \*

Hanna Steel Evidentiary Submission, Exh. D.

The Total Pollution Exclusion upon which FFIC based its Motion for Summary Judgment is in the form of an endorsement, and includes the following language:

>   **This endorsement modifies insurance provided under the following:**
>
>   **Commercial General Liability Coverage Part**
>
>   Exclusion f. under paragraph 2., Exclusion of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages) is replaced by the following:
>
>   This insurance does not apply to:
>
>   f.   (1) Bodily injury or property damage which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.
>
>   \* \* \*

FFIC Evidentiary Submission, Exh. A.  This exclusion was deleted from the Policy pursuant to the Change Endorsement.  Hanna Steel Evidentiary Submission, Exh. A.

The Alternative Pollution Exclusion, also included in the form of an endorsement, begins as follows:

> This endorsement modifies insurance provided under the following:
>
> **Commercial General Liability Coverage Part**
>
> ***
>
> Subparagraph (1)(a) of the Pollution exclusion under Paragraph 2., Exclusions of Bodily Injury and Property Damage Liability Coverage (**Section I – Coverages**) is replaced by the following:
>
> The insurance does not apply to:
>
> **POLLUTION**
>
> (1) Bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:
>
>    (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.
>
> * * *

See Hanna Steel's Evidentiary Submission, Exh. B.[4]

---

[4] The "Amendment of Pollution Exclusion – Exception for Building Heating Equipment – CG 00 54 03 97" attached to Hanna Steel's Evidentiary Submission as Exh. B was produced by FFIC as part of its Initial Disclosures.

The above-quoted language of the Alternative Pollution Exclusion restricts the exclusion to pollution claims that allege certain pollution at or from premises owned by the insured, effectively reinstating the form of the exclusion in the Commercial General Liability form.  FFIC has admitted that the Underlying Lawsuits contained allegations that did not fit into that category.  See FFIC Evidentiary Submission, Exhs. C, D, E.

The two pollution-related endorsements purport to modify the same language in the Commercial General Liability Coverage Part, in fundamentally different ways.  Hanna Steel Evidentiary Submission, Exh. D.  There is no indication in the language of the endorsements themselves or in the Policy that indicates which of these endorsements should prevail over the other.  Unless the Change Endorsement meant what it said – that the Total Pollution Exclusion was deleted from the Policy -- there is no reasonable way to interpret the Policy.  If both endorsements became part of the policy, the policy is ambiguous.  Ambiguities must be resolved in Hanna Steel's favor.  *American Ins. Co. v. Allstate Ins. Co.*, 582 So. 2d 1100 (Ala. 1991).  The language of the Alternative Pollution Exclusion gives rise to FFIC's duty to defend the Underlying Lawsuits.

WHEREFORE, Hanna Steel Corporation respectfully requests the Court deny FFIC Insurance Company's Motion for Summary Judgment.

- 9 -

                                        Respectfully submitted,

                                        /s/David K. Pharr
                                        One of the Attorneys for
                                        Hanna Steel Corporation

OF COUNSEL:

David Hymer
Joel M. Kuehnert
Sarah L. Nichols
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
dhymer@bradleyarant.com
jkuehnert@bradleyarant.com
snichols@bradleyarant.com

David K. Pharr
Bradley Arant Rose & White LLP
188 E. Capitol Street, Suite 450
Jackson, MS 39201
Telephone: (601) 592-9924
Facsimile: (601) 592-1424
dpharr@bradleyarant.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of October, 2008, a copy of the foregoing was served upon counsel of record for all parties to this proceeding by electronic means or by placing a copy thereof in the United States Mail, first-class postage prepaid and properly addressed as follows:

>Vernon L. Wells II, Esq.
>Walston, Wells & Birshall, LLP
>1819 5th Avenue North
>Suite 1100
>P.O. Box 830642
>Birmingham, AL 35283-0642
>
>R. Larry Bradford, Esq.
>Jereme C. Logan, Esq.
>Bradford, & Sears, P.C.
>2020 Canyon Road
>Suite 100
>Birmingham, AL 35216
>
>J. Gusty Yearout, Esq.
>Yearout & Traylor PC
>800 Shades Creek Parkway, Suite 500
>Birmingham, AL 35209
>
>Lloyd W. Gathings,II
>Gathings Law
>2100 3rd Avenue North
>Suite 900
>Birmingham, AL 35203
>
>Cathryn Blue Derian
>Donald W. McCormick, III
>McCormick & Associates PC
>1829 E. Franklin Street, Suite 600
>Chapel Hill, NC 27514

Gary D. Centola
Rivkin Radler LLP
926 RexCorp Plaza
Uniondale, NY 11556

Lynn S. Darty
Sharon Donaldson Stuart
Christian & Small LLP
505 North 20th Street
Birmingham, AL 35203

              /s/David K. Pharr
              Of Counsel