

IN THE CIRCUIT COURT OF JEFFERSON COUNTY ALABAMA
BESSEMER DIVISION

CIVIL ACTION NUMBER CV 04-79

CEOLA ALLEN; DARION ALLEN; RITA ALLEN; PATRICIA ALLEN; LASHONDRA ALLEN BALL; BOOKER T. BONE; CHAKELA BONE; GLENN BONE; JAMIA BONE; SHAKERA BONE; ROBERT BENNETT; VERA BUFFORD; SANFORD H. BUTLER; DONALD L. CHAPPELL; VIKI CHAPPELL; WILLIE OLA CROSBY; CATHY CWINE; VINCENT CWINE; ALCENDOR DAVIS; DEVONIA DAVIS; DEWAYNE DAVIS; KEYONTA DAVIS; ROBERT DAVIS; WENDELL DAVIS; GWENDOLYN DEBARDELEBEN; ELIZABETH DUMAS; TRACY ANN GILES; JESSIE GOOLSBY; DONNA L. GRANT; CORA GREENE; ANGELIQUE HATTER; LLOYD C. HATTER; RACHELE HATTER; ENTA HENDERSON; SHIRLEY HODO; ESAW HOSKIN; LULA HOUSTON; MELANIE JACKSON; WILLIE JACKSON; ALFONSA JOHNSON; BRANDON JOHNSON; BREANNA JOHNSON; HABERT JOHNSON; KOREY JOHNSON, JR.; ROBERT JOHNSON; STEVEN JOHNSON; JULIA ANN JONES; JANIE DARLENE JOYCE; DAVID KENDALL; ANNETTE KENNEDY; BRAUDY KENNEDY; FRANK LACKEY; GINA MACK; TERRICA MACK; DEXTER MCINTOSH; BRENDA MOORE; YOLANDA MOTLEY; ANNIE MURRAY; FRANK NESBITT, JR.; OTIS PAGE, JR.; SHENITA ALLEN PATTERSON; ALONZIA L. POMPEY, SR.; ALONZIA L. POMPEY, JR.; ROSE BUD POMPEY; LOLA RANKIN; CAROLYN ROBERSON; JAMES A. RUMPH, II; JASON RUMPH; SANDRA RUMPH; SHARON SAMUEL; SHERRY STABILE; VINCENT STABILE; KELVIN STEVENSON; BETTY STOREY; JOHN STOREY; TEQUILA STUBBS; BRENDA SULLIVAN; NORTHEN TILLEY; RANDALL KEITH TYNER; LARRY VASSAR, SR.; BERNICE S. WALLACE; ERNEST L. WALLACE, JR.; ERNEST L. WALLACE, SR.; KARLENE WATERS; DANIEL WEST; MARIE WEST; FRANK WILLIAMS; NATHANIEL WILSON; ROSE MARY WILSON; VICTORIA WILSON; GUSSIE QUARLES,

      Plaintiffs,

v.

ABC ACQUISITIONS, INC.; ALLIED SIGNAL, INC.; BAILEY PVS OXIDES, INC.; BUTLER MANUFACTURING COMPANY; CERTAINTEED CORPORATION; FRITZ ENTERPRISES, INC.; HANNA STEEL CORPORATION; HONEYWELL INTERNATIONAL, INC; POLYMER COIL COATERS; UNITED STATES STEEL CORPORATION; VULCAN MATERIALS COMPANY; W.J. BULLOCK, INC.; **DEFENDANTS 1 THROUGH 20**, entities who are doing business under the names of the named defendants, or under names that are similar to the names of the named defendants, whose names are otherwise unknown to the plaintiffs and which will be properly named by amendment when their true names are ascertained; **DEFENDANTS 21 through 40**, entities who are discharging pollutants into the atmosphere near the plaintiffs' residences, as more fully appears in the Complaint, whose names are otherwise unknown to the plaintiffs and which will be properly named by amendment when their true names are ascertained; **DEFENDANTS 41 through 60**, entities who manufactured, refined, made, combined, formed or otherwise caused the existence of the substances which became airborne near the plaintiffs' residences or combined with other substances which became airborne and caused personal injury to the plaintiffs and/or to the plaintiffs' property, whose names are otherwise unknown to the plaintiffs and which will be properly named by amendment when their true names are ascertained; **DEFENDANTS 61 through 80**, entities, including insurance carriers, who inspected or were under a duty to inspect the premises of the defendants that are located near the plaintiffs' property, whose names are otherwise unknown to the plaintiffs and which will be properly named by amendment when their true names are ascertained; **DEFENDANTS 81 through 100**, entities who manufactured, serviced, sold,

leased, or entered into any other type of transaction that resulted in pollution control equipment being placed on the premises of the defendants that are near the plaintiffs' property, whose names are otherwise unknown to the plaintiffs and which will be properly named by amendment when their true names are ascertained; **DEFENDANTS 101 through 120,** entities who planned construction or modification of the equipment for use in the operations of the defendants' businesses that are, or were, being operated near the plaintiffs' property or who owed a duty to plan for the construction or modification of such equipment and failed to do so, whose names are otherwise unknown to the plaintiffs and which will be properly named by amendment when their true names are ascertained.

Defendants.

## COMPLAINT

### PARTIES

### PLAINTIFFS

1. The plaintiffs are natural persons believed to be over the age of nineteen (19) and residents of Jefferson County, Alabama.

### DEFENDANTS

2. The named defendants are identified more fully as follows:

A. ABC Acquisitions, Inc. ("ABC") is a foreign corporation whose principal place of business is currently unknown to the Plaintiffs, but will be named by amendment when ascertained. ABC does business by agent in Jefferson County, Alabama.

B. Allied Signal, Inc. ("Allied") is a corporation whose place of incorporation and principal place of business is currently unknown to the Plaintiffs, but will be named by amendment when ascertained.

C. Bailey PVS Oxides, LLC ("Bailey") is a foreign limited liability company whose principal place of business in the State of Pennsylvania, but has an Alabama facility located at 830 Tin Mill Road, Fairfield, Alabama. Bailey does business by agent in the Bessemer Cut-Off of Jefferson County, Alabama.

D. Butler Manufacturing Company ("Butler") is a foreign whose principal place of business is in the State of Missouri, but has an Alabama facility located at 931 Avenue W, Pratt City, Alabama. Butler does business by agent in Jefferson County, Alabama.

E.  Certainteed Corporation ("Certainteed") is a foreign corporation whose principal place of business is in the State of Pennsylvania, but upon information and belief, has an Alabama facility. Upon information and belief, Certainteed does business by agent in Jefferson County, Alabama.

F.  Fritz Enterprises, Inc. ("Fritz") is a foreign corporation whose principal place of business is in the State of Pennsylvania, but Fritz has an Alabama facility located at 600 Tin Mill Road, Fairfield, Alabama. Fritz does business by agent in the Bessemer Cut-Off of Jefferson County, Alabama.

G.  Hanna Steel Corporation ("Hanna") is a domestic corporation organized under the laws of the State of Alabama whose principal place of business is in Fairfield, Jefferson County, Alabama. Hanna does business by agent in Jefferson County, Alabama.

H.  Honeywell International, Inc. ("Honeywell") is a foreign corporation whose principal place of business is in the State of New Jersey, but upon information and belief, has an Alabama facility. Upon information and belief, Honeywell does business by agent in Jefferson County, Alabama.

I.  Polymer Coil Coaters ("PCC") is a foreign corporation whose principal place of business, upon information and belief, is in the State of Delaware. PCC has an Alabama facility located at 7001 Allison Bonnett Memorial Drive, Fairfield, Alabama. PCC does business by agent in the Bessemer Cut-Off of Jefferson County, Alabama.

J.  United States Steel Corporation ("USS") is a foreign corporation whose principal place of business is in the State of Pennsylvania, but USS has an Alabama facility located at 5700 Valley Road, Fairfield, Alabama. USS does business by agent in the Bessemer Cut-Off of Jefferson County, Alabama.

K.  W.J. Bullock, Inc. ("Bullock") is a foreign corporation whose principal place of business is in the State of Alabama. Bullock does business by agent in Jefferson County, Alabama.

L.   Vulcan Materials Company ("Vulcan") is a foreign corporation whose principal place of business is located in the State of Alabama. Vulcan does business in Jefferson County, Alabama.

3.   The fictitious defendants are identified as follows:

A.   DEFENDANTS 1 through 20 are the correct names of the named defendants.

B.   DEFENDANTS 21 through 40 are entities who, jointly and severally, are discharging, have discharged, pollutants into the atmosphere near the residences of the plaintiffs.

C.   DEFENDANTS 41 through 60 are entities who, jointly and severally, manufactured, refined, combined, formed or otherwise caused the existence of substances that became airborne near the residences of the plaintiffs or combined with other substances that became airborne and/or caused injury to the plaintiffs and/or their property.

D.   DEFENDANTS 61 through 80 are entities, including insurance carriers, who jointly and severally inspected, or were under a duty to inspect, the premises of the defendants who are located near the residences of the plaintiffs.

E.   DEFENDANTS 81 through 100 are entities who, jointly and severally, manufacture(ed), serviced, sold, leased or entered into any other type of transaction that resulted in pollution control equipment being placed on the premises of the defendants who are near the property of the plaintiffs.

F.   DEFENDANTS 101 through 120 are entities who, jointly and severally, planned construction or modification of the equipment for use in the operations of the defendants' businesses that are, or were, being operated near the plaintiffs property, or who owed a duty to plan for the construction or modification of such equipment and failed to do so.

3.   Each defendant, both named and fictitious, jointly and severally, has discharged particulates or gases into the atmosphere, or has, jointly and severally, manufactured equipment that, when operated by another defendant, or defendants, in a manner that was reasonably anticipated, or should have been reasonably anticipated, at the time the equipment

was manufactured, has caused or contributed to cause, jointly and severally, particulates or gases to be discharged into the atmosphere, or has sold equipment in commerce that, when operated by another defendant, or defendants, in a manner that was reasonably anticipated, or should have been reasonably anticipated, at the time the equipment was manufactured, has caused or contributed to cause, jointly and severally, particulates to be discharged into the atmosphere, or was under a duty to design, or to review the design of equipment that is being used by one or more of the named defendants, whose operations are, or have discharged pollutants into the atmosphere, or has been under a duty to inspect the operations of one or more of the other defendants. Particulates or gases have been discharged into the atmosphere at facilities operated by the named defendants, or one or more of the fictitious defendants; which particulates and /or gases have traveled through the atmosphere and onto the plaintiffs' person and/or property.

4. The plaintiffs, as a proximate consequence of the acts of the defendants, or the failure of the defendants to act, have been caused to suffer the following injuries and damages: their property has been damaged and rendered less valuable; they have been caused to suffer personal injuries; they have beenn caused to suffer physical pain and mental anguish; they will, in the future, be caused to suffer physical pain and mental anguish; they have been caused to lose the use and enjoyment of their property; they will, in the future, be caused to lose the use and enjoyment of their property. The plaintiffs claim punitive damages.

## COUNT ONE

## NEGLIGENCE

5. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

6. Defendants are, jointly and severally, guilty of negligence because, during their manufacturing process or the process that they have supervised and controlled, defendants negligently discharged pariculates and/or gases and other harmful chemicals and/or pollutants into Jefferson County, Alabama, and into the air, soil, surface water and/or ground water in, on

and/or adjacent to the plaintiffs' properties located in Jefferson County, Alabama, and into the plaintiffs' bodies and, because defendants have negligently or willfully allowed said substances to remain in said areas. As a result of this wrongful conduct, the defendants have breached their standard of due care to the plaintiffs and, as a direct and proximate result of defendants' negligence or willfulness, the plaintiffs have been injured and damaged. Further, plaintiffs have been exposed to an increased risk of adverse health effects in the future which will necessitate substantial medical monitoring to ensure the earliest possible diagnosis and treatment of adverse health conditions caused by the exposure.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages, and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT TWO

## WANTONNESS

7. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

8. For many years, defendants have known, or should have known, of the seriousness and substantial risk of harm to human health and the environment from the release of particulates and/or gases and other chemicals and pollutants into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and into the plaintiffs' bodies. Defendants have consciously and deliberately released these particulates and/or gases and have consciously and deliberately allowed these particulates an/or gases to remain in the waterways, air, soil, surface water and/or ground water with the full understanding of the dangers and consequences to the plaintiffs. Said conduct constitutes wantonness and said wanton conduct is a direct and proximate cause and/or contributing cause of the damages and

injuries sustained by the plaintiffs. The acts of the defendants are willful, wanton, illegal, fraudulent and/or negligent and done in gross disregard for the safety, rights and properties of the plaintiffs, and, as a result of these acts of the defendants, the plaintiffs are entitled to receive punitive damages. Defendants' conduct constitutes a pattern and practice of intentional wrongful conduct which also was committed with actual malice.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT THREE

## BREACH OF DUTY TO WARN

9. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

10. Defendants have, jointly and severally, participated in the manufacture, creation, production or use of particulates and/or gases, other harmful chemicals, and other related chemical and pollutants. Defendants have also participated in the release and dispersement of such particulates and/or gases, chemicals and/or pollutants into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and into the plaintiffs' bodies. Having created this hazard to human health and the environment, the defendants have had a continuing duty to warn the plaintiffs of the inherent danger of the manufacture, creation, production, use, release and dispersement of said toxic chemicals. Defendants had superior knowledge as to the presence and risk of said particulates and/or gases, chemicals and/or other pollutants. Defendants' failure to warn the plaintiffs was and is negligent, willful, wanton and in gross disregard for the safety, rights and property of the plaintiffs and is a violation of Ala. Code Sections 6-5-100 through 6-5-104. The plaintiffs relied on said misrepresentation and

concealment to their detriment. The fraud, misrepresentation and deceit of the defendants is a direct and proximate cause of the injuries and damages to the plaintiffs as alleged above.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT FOUR

## FRAUD, MISREPRESENTATION AND DECEIT

11. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

12. The acts of defendants in misrepresenting the presence of particulates and/or gases and/or other harmful chemicals, and their release, dispersement and presence into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and into the plaintiffs' bodies, and the health risks associated with said particulates and/or gases and said other chemicals, as well as the defendants' false statements to the plaintiffs and/or the general public and the defendants' concealment from the plaintiffs and/or the general public as more specifically alleged above constitute fraud, misrepresentation and deceit both actual and concealed, in violation of Ala. Code Sections 6-5-100 through 6-5-104. The plaintiffs relied on said misrepresentation and concealment to their detriment. The fraud, misrepresentation and deceit of the defendants is a direct and proximate cause of the injuries and damages to the plaintiffs as alleged above.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and

such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT FIVE

### NUISANCE

13. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

14. Defendants are liable to the plaintiffs for callously, intentionally, wrongfully and illegally creating in the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties, a private and public nuisance to the plaintiffs' rights of use and enjoyment of their properties, thereby damaging the plaintiffs, the plaintiffs' real and personal properties, the plaintiffs' natural environment and the plaintiffs' health in general and to an increased risk of adverse health effects in the future which will necessitate substantial medical monitoring to ensure the earliest possible diagnosis and treatment of adverse health conditions caused by the exposure. Said actions by the defendants' are the direct and proximate cause of injuries and damages to the plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT SIX

### TRESPASS

15. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

16. Defendants have, jointly and severally, intentionally and continuously, until the present date, committed trespass to the plaintiffs' rights and properties by releasing and dispersing

particulates and/or gases, and/or toxic substances and pollutants into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties. Each trespass and each discharge by defendants was in wanton disregard of and with reckless indifference to the rights of the plaintiffs without legal excuse or justification. Defendants' trespass is a direct, immediate and proximate cause of injuries and damages to the plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT SEVEN

### OUTRAGE

17. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

18. Defendants have, jointly and severally, committed the tort of outrage, proximately injuring the plaintiffs, by manufacturing, producing, creating, using, releasing and dispersing particulates and/or gases and other toxic substances and pollutants into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties located in Jefferson County, Alabama, and into the plaintiffs' bodies, and by allowing those pollutants to remain in said areas. Said conduct by defendants is beyond all bounds of human and corporate decency, is intolerable in this community and throughout our society, and is a direct and proximate cause of the plaintiffs' injuries and damages.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and

such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT NINE

## COMMON LAW STRICT LIABILITY

19. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

20. By manufacturing, producing, creating, using, releasing and dispersing particulates and/or gases, toxic substances and pollutants into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and into the plaintiffs' bodies, and by allowing those pollutants to remain in said areas, the defendants have, jointly and severally, engaged in abnormally dangerous, ultra hazardous and inherently or intrinsically dangerous activities for which they are strictly liable to the plaintiffs. Said conduct is a direct and proximate cause of injuries and damages to the plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT TEN

## BATTERY

21. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

22. Defendants have, jointly and severally, intentionally and continuously, committed battery to the plaintiffs' persons by releasing and dispersing particulates and/or gases, and/or toxic substances into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and into the plaintiffs' bodies, and by allowing those pollutants to remain

in said areas. Defendants' battery is a direct and proximate cause of injuries and damages to the plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

### COUNT ELEVEN

### ASSAULT

23. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

24. Defendants have intentionally and continuously committed assault to the plaintiffs' persons by releasing and dispersing particulates and/or gases, and/or toxic substances and pollutants into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and into the plaintiffs' bodies, and by allowing those pollutants to remain in said areas. Defendants' assault is a direct and proximate cause of injuries and damages to the plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

### COUNT TWELVE

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

26. Defendants have, jointly and severally, negligently inflicted emotional distress upon the plaintiffs by releasing and dispersing particulates and/or gases, and/or toxic substances and pollutants into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and into the plaintiffs' bodies, and by allowing those pollutants to remain in said areas without advising the plaintiffs of the serious dangers imposed thereby. Said conduct on the part of the defendants has caused extreme emotional distress and mental anguish on the part of the plaintiffs and is a direct and proximate cause of injuries and damages to the plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT THIRTEEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

28. Defendants have, jointly and severally, intentionally inflicted emotional distress upon the plaintiffs by knowingly and willfully manufacturing, creating, producing, using, releasing and dispersing particulates and/or gases and/or other toxic substances and pollutants into the air, soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and into the plaintiffs' bodies, and by knowingly and willfully allowing those pollutants to remain in said areas without advising the plaintiffs of the serious dangers imposed thereby. Said conduct on the part of the defendants has caused extreme emotional distress and mental anguish on the part of the plaintiffs and is a direct and proximate cause of injuries and damages to the plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiffs claim from the defendants, jointly and/or individually, the costs of medical testing, monitoring, treatment and prevention that will be required in the future, and other compensatory damages and punitive damages in such amount as the trier of fact deems appropriate, together with interest, attorney fees, costs and such other relief to which the plaintiffs may be justly entitled to receive, said damages to be more specifically proved at trial.

### COUNT FOURTEEN

### PERMANENT INJUNCTION

29. Plaintiffs incorporate herein by reference all paragraphs above, as if fully restated herein.

30. The wrongful acts and conduct of defendants, as alleged herein, have and will continue to cause irreparable harm to the plaintiffs for which there is no adequate remedy other than a permanent injunction prohibiting such conduct by defendants and requiring defendants to completely remove and otherwise clean up the particulates and/or gases and other toxins and pollutants which defendants have released and dispersed into the soil, surface water and/or ground water in, on and/or adjacent to the plaintiffs' properties and/or into the plaintiffs' bodies.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs hereby request that this Court enter an order permanently enjoining defendants from releasing and/or otherwise dispersing said particulates and/or gases and other toxins and pollutants into said areas, and requiring defendants to immediately remove and otherwise clean up and remove said previously released and dispersed particulates and/or gases and other toxins and pollutants which remain in said areas.

*/s/ Cynthia Vines Butler*
CYNTHIA VINES BUTLER (BUT033)
Attorney for the Plaintiffs

OF COUNSEL:
CYNTHIA VINES BUTLER, LLC
1826 Third Avenue North
The Realty Building, Suite 301
Bessemer, Alabama 35020
(205) 425-1166

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues triable of right by a jury.

*Cynthia Vines Butler*
CYNTHIA VINES BUTLER
Attorney for the Plaintiffs