FILED
2008 Oct-28 PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV-08-J-0635-S |
| HANNA STEEL CORPORATION, CEOLA ALLEN, KATIE LOWERY, LARRY AARON, COLUMBIA CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, FIREMAN'S FUND INSURANCE COMPANY, AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIM

Hanna Steel Corporation ("Hanna Steel") files the following Answer and Counterclaim in response to the Cross-Claim ("Cross-Claim") filed by American Manufacturers Mutual Insurance Company ("AMMIC"), as follows:

## FIRST DEFENSE

The Cross-Claim fails to state a claim upon which relief may be granted, and HANNA STEEL moves to dismiss the Cross-Claim in accordance with Federal Rule of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Pending completion of discovery, HANNA STEEL asserts the following defenses: all claims in the Cross-Claim are barred, in whole or in part, by applicable statutes of limitations, abatement, res judicata, collateral estoppel, judicial estoppel, merger, laches, waiver, accord and satisfaction, release and/or estoppel, and any other matter constituting an avoidance or an affirmative defense.

## THIRD DEFENSE (ANSWER)

In response to the Cross-Claim, paragraph by paragraph, HANNA STEEL answers as follows

### NATURE OF THIS ACTION

1.     The allegations in Paragraph 1 do not appear to require a response from HANNA STEEL.

2.     To the extent the allegations in Paragraph 2 consist of legal conclusions, no response is required.  To the extent a response is required, Hanna Steel denies the allegations in Paragraph 2.

## PARTIES

3-7. Upon information and belief, HANNA STEEL admits the allegations in Paragraphs 3-7.  However, HANNA STEEL reserves the right to amend this Answer should it find in discovery that the basis for said information and belief is incorrect.

8. HANNA STEEL admits the allegations in Paragraph 8.

9-11. Upon information and belief, HANNA STEEL admits the allegations in Paragraphs 9-11.  However, HANNA STEEL reserves the right to amend this Answer should it find in discovery that the basis for said information and belief is incorrect.

## JURISDICTION AND VENUE

12. Upon information and belief, HANNA STEEL admits the allegations in Paragraph 12.

13. Upon information and belief, HANNA STEEL admits the allegations in Paragraph 13.

14. Upon information and belief, HANNA STEEL admits the allegations in Paragraph 14.

## FACTUAL BACKGROUND

A.  The Policies At Issue

15. HANNA STEEL admits that AMMIC issued an insurance policy, No. 3MH 302-294-00 (the "Policy"), with a Policy Period from December 1, 1997 to December 1, 1998.  HANNA STEEL also admits that the allegations of Paragraph 15 contain excerpts and summaries from the Policy.  To the extent that the remaining allegations of Paragraph 15 restate the provisions of the Policy, they are denied, and HANNA STEEL avers that the Policy speaks for itself.

16. HANNA STEEL admits the allegations in Paragraph 16.

17. HANNA STEEL admits the allegations in Paragraph 17.

18. HANNA STEEL admits the allegations in Paragraph 18.

19. HANNA STEEL admits the allegations in Paragraph 19.

B.  The Underlying Claims

20. HANNA STEEL admits that it has been named as a defendant in three lawsuits filed in either the Bessemer or Birmingham Divisions of the Jefferson County Circuit Court.  The remaining allegations of Paragraph 20 are denied as stated, and HANNA STEEL avers that the underlying Complaints speak for themselves.

21. HANNA STEEL admits that Penn National commenced this action on April 10, 2008. The remaining allegations of Paragraph 21 are denied as stated, and HANNA STEEL avers that Penn National's Complaint speaks for itself.

22. HANNA STEEL admits the allegations of Paragraph 22.

## FIRST CAUSE OF ACTION

23. The responses set forth in Paragraphs 1 through 22 above are incorporated by reference as if fully restated herein.

24. To the extent the allegations in Paragraph 24 consist of legal conclusions, no response is required. To the extent a response is required, HANNA STEEL admits that some of its insurers are participating in the defense of the underlying claims and that HANNA STEEL is entitled to coverage under its insurance policies. HANNA STEEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies same.

25. HANNA STEEL denies the allegations in Paragraph 25.

## SECOND CAUSE OF ACTION

26. The responses set forth in Paragraphs 1 through 25 above are incorporated by reference as if fully restated herein.

27. The allegations in Paragraph 27 do not appear to require a response from HANNA STEEL. To the extent a response is required, HANNA STEEL admits that it is entitled to coverage under its insurance policies. HANNA STEEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies same.

28. The allegations in Paragraph 28 do not appear to require a response from HANNA STEEL. To the extent a response is required, HANNA STEEL admits that its insurers owe duties of coverage and defense. HANNA STEEL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and therefore denies same.

29. The allegations in Paragraph 29 do not appear to require a response from HANNA STEEL. To the extent a response is required, HANNA STEEL denies the allegations in Paragraph 29.

All allegations of that certain unnumbered paragraph beginning "WHEREFORE" and its subparagraphs (a) through (c) are denied.

## FOURTH DEFENSE

AMMIC's claims are barred because AMMIC either failed to satisfy all terms and conditions of the Policy, by performing as required pursuant to the Policy, or failed to satisfy and/or perform material terms and conditions of the Policy.

## FIFTH DEFENSE

AMMIC's claims are barred, in whole or in part, by its failure to adhere to and perform contractual conditions.

## SIXTH DEFENSE

AMMIC's claims, separately and severally, are barred and/or due to be dismissed if evidence reveals the existence of prior pending actions or if AMMIC has impermissibly split causes of action.

## SEVENTH DEFENSE

Because the Cross-Claim is indefinite and because discovery remains to be conducted, HANNA STEEL cannot anticipate all affirmative defenses that may be applicable.  Accordingly, HANNA STEEL reserves its right to assert additional affirmative defenses as appropriate at a later date.

## EIGHTH DEFENSE

In defense of the allegations made in the Cross-Claim, HANNA STEEL further asserts and incorporates herein by reference all claims asserted against AMMIC in the following Counterclaim.

WHEREFORE, HANNA STEEL requests that the Cross-Claim filed against it in this action be dismissed with prejudice and all costs and expenses taxed to AMMIC, including HANNA STEEL'S attorneys' fees.

## COUNTERCLAIM
### Jury Trial Requested

HANNA STEEL, having fully answered, files this Counterclaim against AMMIC pursuant to Fed. R. Civ. P. 13(a), and in support thereof, would show unto the Court the following matters and facts:

1.      In the 1990's, AMMIC solicited HANNA STEEL to purchase insurance coverage that would provide coverage for liability arising out of HANNA STEEL's business.  Thereafter, a policy of insurance was issued to HANNA STEEL by AMMIC.

2.      The instant action concerns an actual case or controversy between the HANNA STEEL and AMMIC with respect to that policy No. 3MH 302-294-00 (the "Policy"), covering the period from 12/1/1997 through 12/01/1998.  The terms and conditions of the Policy are set forth therein and those terms and conditions are incorporated herein by reference.

3. At all times relevant hereto, HANNA STEEL paid all premiums due under the Policy in a timely manner, and otherwise complied with all conditions and requirements placed upon it under the subject policies.

4. The *Lowery, Allen, and Aaron* lawsuits (the "Underlying Claims"), including more than one thousand individual claims, were filed in the Circuit Court of Jefferson County, Alabama, naming HANNA STEEL as a Defendant, and alleging, *inter alia*, that HANNA STEEL's equipment caused bodily injury or property damage to the Plaintiffs therein.

5. After receiving notice of the Underlying Claims, HANNA STEEL made a proper claim upon AMMIC for defense and indemnity under the Policies.

6. On June 11, 2007, AMMIC denied its coverage obligations in a letter from W. Micheletti to Hanna Steel's counsel.

7. By letter of October 24, 2007, from B. Adamski, AMMIC changed its position and agreed to defend HANNA STEEL.

8. To date, AMMIC has not paid any of HANNA STEEL's defense costs.

9. At all times relevant hereto, HANNA STEEL faithfully performed its obligations under the subject policies and met its obligations

and conditions under those policies.  The subject policies clearly provide coverage for amounts paid in defense of the Underlying Claims.

10. As a result of AMMIC's conduct, HANNA STEEL has suffered damages in the form of defense costs for claims that are covered under the Policy and costs incurred in obtaining the benefit of HANNA STEEL's coverage under the Policy.

### Count One:  Declaratory Judgment

11. HANNA STEEL incorporates by reference the allegations set forth in Paragraphs 1 through 10 of this Counterclaim.

12. The Policies provide coverage to HANNA STEEL for the Underlying Claims since the claims fall within the general coverage of the policy and are not subject to any exclusionary language in the policy.

13. For these and other reasons to be shown at the trial of this matter, HANNA STEEL requests that this Court enter declaratory judgment on its behalf by ruling that AMMIC is liable for amounts incurred in defense and/or through judgment or settlement in the underlying claims.  HANNA STEEL further requests an award of all attorneys' fees incurred in the defense of this action.

## Count Two:  Breach of Contract

14. HANNA STEEL hereby incorporates and adopts by reference each and every allegation set forth in Paragraphs 1 through 17 of this Counterclaim.

15. HANNA STEEL entered into insurance contracts with AMMIC in which it contracted for, purchased, and was entitled to receive full insurance coverage under the subject policies for defense and indemnity in connection with the underlying liability claims.

16. In depriving HANNA STEEL of its rights and benefits available under the Policies, AMMIC is liable for breach of contract, which entitles HANNA STEEL to damages.

## Prayer for Relief

WHEREFORE, HANNA STEEL respectfully requests the following relief against AMMIC:

A. a declaration that the Policy does provide coverage for the Underlying Claims;

B. a declaration of appropriate equitable relief among the parties;

C. payment for all contractual benefits for all coverage afforded to HANNA STEEL under the Policy,

D. compensatory damages for amounts expended and/or fees incurred by HANNA STEEL and its counsel in defense of the Underlying Claims;

E. compensatory damages for amounts expended and/or fees incurred in obtaining the benefits of the Policy and in defending the Cross-Claim for declaratory judgment;

F. pre- and post-judgment interest;

G. any such other general or specific relief to which HANNA STEEL may be entitled.

Respectfully submitted,

/s/ Sarah L. Nichols
David Hymer (HYM001)
Joel M. Kuehnert (KUE001)
David K. Pharr (Mississippi Bar No. 10736)
Sarah L. Nichols (NIC041)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: snichols@bradleyarant.com

**Attorneys for Defendant Hanna Steel Corporation**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>R Larry Bradford
>BRADFORD & SEARS PC
>2020 Canyon Road, Suite 100
>Birmingham, AL 35216
>205-871-7733
>Fax: 205-871-7387
>Email: lbradford@bradfordsears.com
>
>J Gusty Yearout
>YEAROUT & TRAYLOR PC
>800 Shades Creek Parkway, Suite 500
>Birmingham, AL 35209
>414-8160
>Fax: 414-8199
>Email: USCourts@yearout.net
>
>Lloyd W Gathings, II
>GATHINGS LAW
>2100 3rd Avenue North, Suite 900
>Birmingham, AL 35203
>322-1201
>Email: lgathings@gathingslaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

>/s/Sarah L. Nichols
>OF COUNSEL