FILED

2008 Aug-28  PM 06:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) ) |
| HANNA STEEL CORPORATION, ET AL., | ) ) ) |
| Defendants. | ) ) |

Case No.: CV-08-J-0635-S

**DEFENDANT AMERICAN MANUFACTURERS MUTUAL INSURANCE
COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT, COUNTERCLAIM AND CROSSCLAIMS**

Defendant American Manufacturers Mutual Insurance Company ("AMM"), by its undersigned attorneys, answers the amended complaint of Pennsylvania National Mutual Insurance Company ("Penn National") as follows:

<u>PARTIES AND JURISDICTIONAL ALLEGATIONS</u>

1.      The allegations of paragraph 1 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies the same.

2.      The allegations of paragraph 2 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies the same.

3.      The allegations of paragraph 3 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies the same.

4.      The allegations of paragraph 4 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies the same.

5.      The allegations of paragraph 5 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies the same.

6.      The allegations of paragraph 6 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore denies the same.

7.      The allegations of paragraph 7 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and therefore denies the same.

8.      The allegations of paragraph 8 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is

without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore denies the same.

9.     Admitted.

10.    The allegations of paragraph 10 of the Complaint are not directed at AMM, and therefore, no response is required.  To the extent a response is required, AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore denies the same.

11.    Admitted.

12.    Admitted.

<u>UNDERLYING LAWSUITS</u>

13.    AMM admits that paragraph 13 of the Complaint accurately quotes a portion of paragraph 6 of the complaint in the action captioned *Ceola Allen, et al. v. ABC Acquisitions, et al.*, Civil Action No. 04-79, filed in the Circuit Court of Jefferson County – Bessemer Division, which is attached as Exhibit A to the Complaint in this action. AMM denies that the allegations in paragraph 13 of the Complaint encompass all of the allegations in the *Allen* Complaint and avers that the *Allen* Complaint speaks for itself.

14.    AMM admits that paragraph 14 of the Complaint accurately quotes portions of paragraph 4 of the complaint in the action captioned *Katie Lowery, et al. v. Honeywell International, Inc., et al.*, Civil Action No. CV-05-1749, filed in the Circuit Court of Jefferson County, which is attached as Exhibit B to the Complaint in this action. AMM denies that the allegation in paragraph 14 of the Complaint encompass all of the allegations in the *Lowery* Complaint and avers that the *Lowery* Complaint speaks for itself.

15.     AMM admits that paragraph 15 of the Complaint accurately quotes a portion of paragraph 7 of the complaint in the action captioned *Larry Aaron, et al. v. ABC Acquisitions, et al.*, Civil Action No. CV-07-40, filed in the Circuit Court of Jefferson County – Bessemer Division, which is attached as Exhibit C to the Complaint in this action.  AMM denies that the allegations in paragraph 15 of the Complaint encompass all of the allegations in the *Aaron* Complaint and avers that the *Aaron* Complaint speaks for itself.

16.     AMM admits that Hanna Steel has sought coverage from AMM under the Policy in connection with the *Allen*, *Lowery*, and *Aaron* actions.  AMM is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 16 of the Complaint and therefore denies the same.

<u>POLICY PROVISIONS</u>

17.     AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and therefore denies the same.

18.     AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore denies the same.

18.     AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore denies the same.

19.     AMM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and therefore denies the same.

## JUSTICIABLE CONTROVERSY

20.     AMM admits that Penn National and other insurers, including AMM, are currently defending Hanna Steel under a reservation of rights in the *Allen*, *Lowery*, and *Aaron* actions.  AMM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and therefore denies the same.

21.     To the extent that the allegations in paragraph 21 of the Complaint consists of legal conclusions, no response is required.  To the extent any response is required, AMM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and, therefore denies the same.

22.     To the extent the allegations in paragraph 22 of the Complaint consist of legal conclusions, no response is required.  To the extent a response is required, however, AMM admits the allegations in this paragraph.

## REQUESTED RELIEF

The request for relief is not an allegation as to which a response is required. However, to the extent that a response is required, AMM is without knowledge or information sufficient to form a belief as to whether Penn National is entitled to a declaration that the terms and conditions of the policy issued by Penn National to Hanna Steel, as described in the Complaint, preclude any obligation on the part of Penn National to indemnify, and thus defend Hanna Steel.  AMM denies, however, that Penn National is

entitled to a declaration that the policy number 3MH 302 294-00 (the "Policy") obligates AMM to defend or indemnify Hanna Steel in connection with the *Allen*, *Lowery*, and *Aaron* actions.

AFFIRMATIVE DEFENSES

By way of further answer and defense to the Complaint, Penn National is not entitled to relief it seeks with respect to AMM, for the following reasons:

FIRST AFFIRMATIVE DEFENSE

Penn National is not entitled to a declaration that the Policy provides coverage for Hanna Steel in connection with the *Allen*, *Lowery*, and *Allen* actions because the Policy precludes coverage for:

> (1)    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:
>
>> (a)    At or from any premises, site, or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;
>>
>> . . .
>>
>> (c)    Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or . . .
>
> (2)    Any loss, cost, or expense arising out of any:
>
>> (a)    Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants.

Policy, Commercial General Liability Coverage Form, § 1, ¶ 2.f. A copy of the Policy is attached hereto as Exhibit A.

## SECOND AFFIRMATIVE DEFENSE

Penn National is not entitled to a declaration that the Policy provides coverage for Hanna Steel in connection with the *Allen*, *Lowery*, and *Allen* actions to the extent that those actions do not allege an "accident" that falls within the Policy definition of "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions" because the Policy provides coverage for "'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an 'occurrence.'"  Policy, Commercial General Liability Coverage Form, § 1, ¶ 1.b(1); §5, ¶ 12.

## THIRD AFFIRMATIVE DEFENSE

Penn National is not entitled to a declaration that the Policy provides coverage for Hanna Steel in connection with the *Allen*, *Lowery*, and *Allen* actions to the extent that any alleged offenses in the complaints in the *Lowery*, *Allen*, and *Aaron* actions took place outside of the policy period, because the Policy provides coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" but only if "[t]he 'bodily injury' or 'property damage' occurs during the policy period."  Policy, Commercial General Liability Coverage Form, § 1, ¶ 1.a, b(2).

## FOURTH AFFIRMATIVE DEFENSE

Penn National is not entitled to a declaration that the Policy provides coverage for Hanna Steel in connection with the *Allen*, *Lowery*, and *Allen* actions to the extent that the bodily injury or property damage alleged therein was expected or intended by Hanna Steel because the Policy excludes coverage for "'[b]odily injury' or 'property damage'

7

expected or intended from the standpoint of the insured."  Policy, Commercial General Liability Coverage Form, § 1, ¶ 2.a.

### FIFTH AFFIRMATIVE DEFENSE

Penn National is not entitled to a declaration that the Policy provides coverage for Hanna Steel in connection with the *Allen*, *Lowery*, and *Allen* actions to the extent that Hanna Steel had knowledge of the losses that are the subject of the *Lowey*, *Allen*, and *Aaron* actions prior to the inception date of the Policy because the Policy covers only losses that were not known at the time the Policy became effective.

### SIXTH AFFIRMATIVE DEFENSE

Penn National is not entitled to a declaration that the Policy provides coverage for Hanna Steel in connection with the *Allen*, *Lowery*, and *Allen* actions to the extent that plaintiffs in those actions do not seek damages for "bodily injury" or "property damage" because coverage under Coverage A of the Policy is limited to "bodily injury and property damage liability."  Policy, Commercial General Liability Coverage Form, § 1, ¶ 1.

### SEVENTH AFFIRMATIVE DEFENSE

Penn National is not entitled to a declaration that the Policy provides coverage for Hanna Steel in connection with the *Allen* and *Allen* actions to the extent that they seek equitable relief and other relief that does not constitute "damages," as that term is used in the Policy.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Penn National's right to a declaration regarding AMM's obligations to Hanna

Steel under the Policy is or may be limited by the other insurance provision of the Policy,

which states:

> If valid and collective insurance is available to the insured
> for a loss we cover under Coverages A or B of this
> Coverage Part, our obligations are limited as follows:
>
> **a.**     **Primary Insurance**
>
> This insurance is primary, except when b. below
> applies.  If this insurance is primary, our obligations
> are not affected unless any of the other insurance is
> also primary.  Then, we will share with all that other
> insurance by the method described in c. below.
>
> . . .
>
> **c.**     **Method of Sharing**
>
> If all of the other insurance permits contribution
> by equal shares, we will follow this method also.
> Under this approach each insurer contributes equal
> amounts until it has paid its applicable limit of
> insurance or none of the loss remains, whichever
> comes first.
>
> If any of the other insurance does not permit
> contribution by equal shares, we will
> contribute by limits.  Under this method, each
> insurer's share is based on the ratio of its
> applicable limit of insurance to the total
> applicable limits of insurance for all insurers.

Policy, Commercial General Liability Coverage Form, § 4, ¶ 4.

## NINTH AFFIRMATIVE DEFENSE

Coverage for Hanna Steel under the Policy is barred to the extent that coverage is limited or excluded by the terms, conditions, exclusions, definitions, limits of liability, and retention amounts contained within the Policy.

## TENTH AFFIRMATIVE DEFENSE

The Policy does not provide coverage for damage to property owned by, occupied by, rented to, or used by Hanna Steel or any other insured.  The Policy also does not provide coverage for property damage to property in the care, custody, or control of Hanna Steel or as to which Hann Steel is, for any purpose, exercising physical control.

## ELEVENTH AFFIRMATIVE DEFENSE

AMM is not liable under the Policy for pre-tender payments or monetary obligations assumed or voluntarily paid.

## TWELFTH AFFIRMATIVE DEFENSE

AMM is not liable to the extent that Hanna Steel failed to comply with the conditions of the Policy, including but not limited to the notice requirements.

## THIRTEENTH AFFIRMATIVE DEFENSE

AMM has no obligation under the Policy to indemnify for costs incurred as a result of complying with or the violation of any rule, law or regulation, or for criminal fines or sanctions, civil fines or sanctions, or penalties.

## FOURTEENTH AFFIRMATIVE DEFENSE

In the event that AMM is found liable in whole or in part, AMM is entitled to contribution and/or a right of offset for the pro rata share of the total loss attributable to other liable insurers or Hanna Steel.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

No coverage is available under the Policy for punitive damages.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims may be barred by the statute of limitations, laches, estoppel, waiver, and unclean hands.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

The coverage provided under the Policy is subject to and limited by all its terms, conditions and exclusions.  There may be other Policy terms, conditions and exclusions of which AMM is presently unaware that operate to bar or limit coverage for some or all of the amounts Hanna Steel seeks.  AMM reserves its right to raise affirmatively other Policy terms, conditions and exclusions as defenses to coverage as appropriate.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

AMM reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable laws and rules.

WHEREFORE AMM requests that the Court deny Penn National's request for a declaration that AMM has a duty to defend Hanna Steel, grant AMM a declaration that it has no obligation to defend or indemnify Hanna Steel, and grant AMM such other relief as the Court deems proper.

<u>COUNTERCLAIM AND CROSS-CLAIMS FOR DECLARATORY JUDGMENT</u>

<u>NATURE OF THIS ACTION</u>

1.      Defendant/Counter-Plaintiff/Cross-Claimant AMM asserts this Counterclaim and Cross-Claim pursuant to Rules 13(f), (g) and (h) and Rule 20(a), Fed. R. Civ. P., seeking declaratory relief under 28 U.S.C. § 2201, in order to obtain, in the context of a single comprehensive proceeding, a determination of the parties' rights and

obligations under contracts of insurance Penn National, Columbia Casualty Company

("Columbia Casualty"), National Fire Insurance Company of Hartford ("NFI"),

Fireman's Fund Insurance Company ("Fireman's Fund"), and Commerce and Industry

Insurance Company ("C&I") issued to Hanna Steel Corporation ("HSC").

2.       Resolution of the parties' rights and obligations in regard to what -- if any

-- coverage is owed to HSC under insurance policies for defense costs and liabilities

incurred or to be incurred by HSC attributable to the underlying pollution-related tort

claims in a single comprehensive proceeding is required in order to avoid needless

expenditure of judicial resources in duplicative coverage actions with respect to the same

underlying matters.

<u>PARTIES</u>

3.       Defendant/Counter-Plaintiff/Cross-Claimant AMM is an insurance

company incorporated under the laws of the State of Illinois, having its principal place of

business in Illinois.

4.       Plaintiff/Counter-Defendant Penn National is, upon information and

belief, a company incorporated under the laws of the Commonwealth of Pennsylvania,

having its principal place of business in Pennsylvania.

5.       Defendant/Cross-Defendant Columbia Casualty, an insurance company,

is, upon information and belief, incorporated under the laws of the State of Illinois,

having its principal place of business in Illinois.

6.       Defendant/Cross-Defendant NFI, an insurance company, is, upon

information and belief, incorporated under the laws of the State of Connecticut, having its

principal place of business in Connecticut.

7.      Defendant/Cross-Defendant Firemen's Fund, an insurance company, is, upon information and belief, incorporated under the laws of the State of California, having its principal place of business in California.

8.      Defendant/Cross-Defendant C&I, an insurance company, is, upon information and belief, incorporated under the laws of the State of California, having its principal place of business in California.

9.      Defendant/Cross-Defendant Hanna Steel Corporation is, upon information and belief, incorporated under the laws of the State of Alabama, having its principal place of business in Alabama.

10.     Defendant/Cross-Defendant Ceola Allen is the lead plaintiff in a lawsuit captioned *Ceola Allen, et al. v. ABC Acquisitions, et al.*, Civil Action No. 04-79, filed in the Circuit Court of Jefferson County – Bessemer Division, which is attached as Exhibit A to the Complaint in this action.  Upon information and belief, each of the *Allen* plaintiffs is over the age of 19 years, resides in Jefferson County, Alabama, and is not domiciled in the State of Illinois.

11.     Defendant/Cross-Defendant Katie Lowery is the lead plaintiff in a lawsuit captioned *Katie Lowery, et al. v. Honeywell International, Inc., et al.*, Civil Action No. CV-05-1749, filed in the Circuit Court of Jefferson County, which is attached as Exhibit B to the Complaint in this action.  Upon information and belief, each of the *Lowery* plaintiffs is over the age of 19 years, resides in Jefferson County, Alabama, and is not domiciled in the State of Illinois.

12.     Defendant/Cross-Defendant Larry Aaron is the lead plaintiff in a lawsuit captioned *Larry Aaron, et al. v. ABC Acquisitions, et al.*, Civil Action No. CV-07-40,

filed in the Circuit Court of Jefferson County – Bessemer Division, which is attached as Exhibit C to the Complaint in this action. Upon information and belief, each of the *Aaron* plaintiffs is over the age of 19 years, resides in Jefferson County, Alabama, and is not domiciled in the State of Illinois.

<u>JURISDICTION AND VENUE</u>

13.     This Court has original subject-matter jurisdiction over the Counterclaim and pursuant to 28 U.S.C. § 1332(a) because Defendant/Counter-Plaintiff AMM and Plaintiff/Counter-Defendant Penn National are citizens of different states and the matter in controversy involves an amount exceeding $75,000, exclusive of interest and costs.

14.     This Court has supplemental jurisdiction over the Cross-Claim pursuant to 28 U.S.C. § 1367(a) because the cross-claim brought by Defendant/Counter-Plaintiff/Cross-Claimant AMM is so related to the claims asserted by Penn National in this action, and by AMM in its counterclaim, that it forms part of the same case or controversy under Article III of the United States Constitution.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) (2) and (3) because a substantial part of the alleged events or omissions giving rise to the Counterclaim and Cross-Claim occurred in this judicial district and all parties against which the Counterclaim and Cross-Claim are asserted are subject to personal jurisdiction in this judicial district.

<u>FACTUAL BACKGROUND</u>

A.     <u>The Policies At Issue</u>

16.     AMM issued HSC an insurance policy, 3MH 302 294-00 (the "Policy"), designating a Policy Period from December 1, 1997 to December 1, 1998. Subject to all of its terms, conditions, definitions and exclusions, the Policy provides coverage for

"those sums that the insured becomes legally obligated to pay because of 'bodily injury' or 'property damage'" only if "[t]he 'bodily injury' or 'property damage' is caused by an 'occurrence that takes place in the 'coverage territory'" and "[t]he 'bodily injury' or 'property damage' occurs during the policy period" in the amount of $1 million per "occurrence", subject to a $2 million aggregate limit of liability.

17.     Upon information and belief, Defendant/Counter-Defendant Penn National issued insurance to HSC (the "Penn National Policies") including at least successive policies of commercial liability insurance numbered CL9 0037301 for the period December 1, 1992 to December 1, 1997, which provided coverage to HSC subject to their terms and conditions.

18.     Upon information and belief, Defendant/Cross-Defendant Columbia Casualty issued one or more policies of commercial liability insurance to HSC, which provided coverage to HSC subject to their terms and conditions and under which Penn National has sought a declaration regarding coverage.

19.     Upon information and belief, Defendant/Cross-Defendant NFI issued one or more policies of commercial liability insurance to HSC, which provided coverage to HSC subject to their terms and conditions and under which Penn National has sought a declaration regarding coverage.

20.     Upon information and belief, Defendant/Cross-Defendant Fireman's Fund issued one or more policies of commercial liability insurance to HSC, which provided coverage to HSC subject to their terms and conditions and under which Penn National has sought a declaration regarding coverage.

21.     Upon information and belief, Defendant/Cross-Defendant C&I issued one or more policies of commercial liability insurance to HSC, which provided coverage to HSC subject to their terms and conditions and under which Penn National has sought a declaration regarding coverage.

B.     The Underlying Claims

22.     HSC is a steel manufacturer, which has been named as a defendant in three lawsuits filed in either the Bessemer or Birmingham Divisions of the Jefferson County Circuit Court, that claim injuries allegedly attributable to, *inter alia*, HSC's release of particulates and gases from its manufacturing operations.

C.     This Action

23.     Penn National commenced this action against AMM by Complaint filed on April 10, 2008, seeking a declaration that it is has no coverage obligations to HSC under the Penn National Policies because coverage for the *Allen*, *Lowery*, and *Aaron* actions is precluded by the Pollution Exclusion in the Penn National Policies.  Complaint, ¶¶ 19-20.

24.     Penn National also seeks a declaration that AMM owes a defense to HSC under the terms and conditions of the Policy.  *Id.* ¶ 21.

## FIRST CAUSE OF ACTION

**(**For Declaratory Judgment Regarding The Parties' Rights And Obligations With Respect To Coverage Under The Policy)

25.     The allegations set forth in Paragraphs 1 through 22 above are incorporated by reference as if fully restated herein.

26.     An actual controversy exists between AMM, HSC, Penn National, Columbia Casualty, NFI, Fireman's Fund, C&I, Ceola Allen, Katie Lowery, and Larry

Aaron in regard to whether and, if so, to what extent coverage exists for the *Allen*, *Lowery*, and *Aaron* actions and their rights and obligations under policies issued to HSC.

27.     Defendant/Counter-Plaintiff AMM is entitled to a judicial determination and declaration that it has no coverage obligations to HSC and therefore no obligations to any other party in connection with the underlying the *Allen*, *Lowery*, and *Aaron* actions.

<u>SECOND CAUSE OF ACTION</u>

(For Declaratory Judgment Regarding Contribution and Indemnity Between AMM And Penn National, Columbia Casualty, NFI, Fireman's Fund, And C&I In Regard To Prospective Coverage Obligations)

28.     The allegations set forth in Paragraphs 1 through 27 above are incorporated by reference as if fully restated herein.

29.     An actual controversy exists between AMM, Penn National, Columbia Casualty, NFI, Fireman's Fund, and C&I in regard to whether and, if so, to what extent coverage exists for the *Allen*, *Lowery*, and *Aaron* actions and their rights and obligations under policies issued to HSC.

28.     In the event it is determined that a duty to defend and/or a duty to indemnify HSC exists and is owed by AMM under the Policy in connection with the *Allen*, *Lowery*, and *Aaron* actions, AMM submits that similar duties to defend and/or indemnify are also owed to HSC by Penn National, Columbia Casualty, NFI, Fireman's Fund, and C&I pursuant to the policies they issued to HSC, and that AMM is accordingly entitled to recover from Columbia Casualty, NFI, Fireman's Fund, and C&I pursuant to legal theories including, but not necessarily limited to, contribution, equitable contribution, subrogation, indemnification or allocation, for such sums as AMM pays or is held obligated to pay to or on behalf of HSC.

17

29.    Defendant/Counter-Plaintiff/Cross-Claimant AMM is entitled to a judicial determination and declaration of its and Penn National's, Columbia Casualty's, NFI's, Fireman's Fund's, and C&I's respective coverage obligations -- if any – in connection with the *Allen*, *Lowery*, and *Aaron* actions.

**WHEREFORE** Defendant/Counter-Plaintiff/Cross-Claimant AMM respectfully request that this Court:

(a)    Enter judgment in favor of AMM and against Plaintiff/Counter-Defendant Penn National and Defendants/Cross-Defendants HSC, Columbia Casualty, NFI, Fireman's Fund, C&I, Ceola Allen, Katie Lowery, and Larry Aaron that AMM has no duty to provide coverage for HSC's defense costs or liabilities arising from the *Allen*, *Lowery*, and *Aaron* actions, and therefore has no obligation to any other party in connection with the *Allen*, *Lowery*, and *Aaron* actions; or

(b)    In the alternative, enter judgment in favor of AMM and against Plaintiff/Counter-Defendant Penn National and Defendants/Cross-Defendants Columbia Casualty, NFI, Fireman's Fund, and C&I declaring that, to the extent that AMM has any duty to HSC, Penn National, Columbia Casualty, NFI, Fireman's Fund, and C&I also have a duty to provide coverage for HSC's defense costs or liabilities arising from the *Allen*, *Lowery*, and *Aaron* actions and that AMM is entitled to contribution, equitable contribution, subrogation, indemnification or allocation from Penn National, Columbia Casualty, NFI, Fireman's Fund, and C&I for such sums as AMM pays or is held obligated to pay to or on behalf of HSC; and

(c)    Award AMM all such other and further relief as this Court deems necessary or appropriate in the interests of justice.

Dated:  August 25, 2008

Respectfully submitted,

Vernon L. Wells, II
WALSTON, WELLS & BIRCHALL, LLP
Post Office Box 830642
Birmingham, Alabama 35203
(205) 244-5200

_____/s/ Laura A. Foggan_____
Laura A. Foggan (admitted *pro hac vice*)
Paul A. Dame (admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C.  20006
(202) 719-7000

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2008, I electronically filed the foregoing

Answer and Affirmative Defensese to Plaintiff's First Amended Complaint,

Counterclaim and Crossclaims, with the Clerk of the Court using the CM/ECF system

which will send notification of such filing to the following:

R. Larry Bradford, Esq.
Jereme C. Logan, Esq.
Bradford & Sears, P.C.
2020 Canyon Road, Suite 100
Birmingham, AL 35216
lbradford@bradfordsears.com
jlogan@bradfordsears.com

Donald W. McCormick, Esq.
Cathryn Blue Derian, Esq.
McCormick & Associates, P.C.
1829 Franklin Street, Suite 600
Chapel Hill, NC 27 14
dwm@mccormicklaw.com
cbd@mccormicklaw.org

David G. Hymer, Esq.
Joel M. Kuehnert, Esq.
Sarah Leaver Nichols, Esq.
Bradley Arant Rose & White
P. O. Box 830709
Birmingham, AL 35283-0709
dhymer@bradleyarant.com
jkuehnert@bradleyarant.com
snichols@bradleyarant.com

David K. Pharr, Esq.
Bradley Arant Rose & White
188 E. Capitol Street, Suite 450
Jackson, MS 39201
dpharr@bradleyarant.com

J. Gusty Yearout, Esq.
Yearout & Traylor, PC
800 Shades Creek Parkway, Suite 500
Birmingham, AL 35209
USCourts@yearout.com

Lloyd W. Gathings, II, Esq.
Gathings Law
2100 3rd Avenue North, Suite 900
Birmingham, AL 35203
lgathings@gathingslaw.com

Sharon D. Stuart, Esq.
Lynn S. Darty, Esq.
Christian & Small LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35202
sdstuart@csattorneys.com
lsdarty@csattorneys.com

Gary D Centola, Esq.
William J. Edwins, Esq.
Rivkin Radler LLP
926 RexCorp Plaza
Uniondale, NY 11556
gary.centola@rivkin.com
william.edwins@rivkin.com

                                        _____/s/ Paul A. Dame_____