FILED
2008 Oct-28 PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, </br></br>    Plaintiff,</br></br>v.</br></br>HANNA STEEL CORPORATION, et al.,</br></br>    Defendants. | **CIVIL ACTION NO.: CV-08-J-0635-S**</br></br>**JURY TRIAL DEMANDED** |

**MOTION FOR LEAVE TO SUPPLEMENT HANNA STEEL'S RESPONSE TO AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY'S JOINDER IN FIREMAN'S FUND INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Hanna Steel Corporation ("Hanna Steel") respectfully moves for leave to supplement its Response to American Manufacturers Mutual Insurance Company's ("AMMIC") Joinder in Fireman's Fund Insurance Company's ("FFIC") Motion for Summary Judgment, as follows:

1. In support of its reply, AMMIC, a member of the Kemper group of insurers, raised for the first time the argument that the "absolute" pollution exclusion in its Policy applies to the products completed operations hazard. Docket No. 90 at p.4.

2. In direct contrast to AMMIC's argument in its reply brief, at least one insurance coverage treatise indicates that the Kemper group's own underwriting manual included its admission that the pollution exclusion in AMMIC's policy did <u>not</u> apply to the products completed operations hazard, as follows:

> The insurance industry has admitted, on numerous occasions, that the 'absolute' pollution exclusion does not preclude insurance coverage for damages arising out of 'products,' 'completed operations,' and 'certain off-premises discharges of pollutants.' [fn] 643 **For example, in its General Liability & Commercial Umbrella Underwriting Manual, the Kemper Group has stated that the 'absolute' pollution exclusion does not apply to 'products/completed operations hazards.'** [fn] 644
>
> ***
>
> [fn] 643 E.g., Insurance Services Office, Inc., Explanatory Memorandum, Pollution Exclusion Endorsement (1984) (on file with authors); *ISO Makes the Case for the CGL Insurance Services, Inc. responds to concerns raised at The Joint Forum on ISO's Proposed CGL Policy Forms*, Chicago, Illinois at 19 (Aug. 1985).
>
> [fn] 644 Kemper Group, *General Liability & Commercial Umbrella Underwriting Manual* § IV, ¶ 7(a), at 22.09 (on file with authors).

Eugene R. Anderson, et al., Insurance Coverage Litigation, 2d ed. (Aspen Law & Business 2000) (ISBN: 073551173X 9780735511736, OCLC: 42813025) (Emphasis added) ("Anderson treatise").

2

3. This Motion and proposed supplement are offered prior to the close of the submission schedule. The submission schedule closes today, October 10, 2008, with the expiration of FFIC's deadline for filing a reply.

4. A copy of the Supplement is attached hereto as Exhibit A.

WHEREFORE, Hanna Steel moves that this Court grant it leave to supplement its Response to AMMIC's Joinder in FFIC's Motion for Summary Judgment in the form of its proposed Supplement to Hanna Steel's Response to AMMIC's Joinder in FFIC's Motion for Summary Judgment, a copy of which is attached to this motion as Exhibit A.

      Respectfully submitted,

       /s/ David K Pharr
      David K. Pharr
      One of the Attorneys for
      Hanna Steel Corporation

OF COUNSEL:

David Hymer
Joel M. Kuehnert
Sarah L. Nichols
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
dhymer@bradleyarant.com
jkuehnert@bradleyarant.com
snichols@bradleyarant.com

David K. Pharr
Bradley Arant Rose & White LLP
188 E. Capitol Street, Suite 450
Jackson, MS 39201
Telephone: (601) 592-9924
Facsimile: (601) 592-1424
dpharr@bradleyarant.com

4

# CERTIFICATE OF SERVICE

    I hereby certify that on this 9th day of October, 2008, a copy of the foregoing was served upon counsel of record for all parties to this proceeding by electronic means or by placing a copy thereof in the United States Mail, first-class postage prepaid and properly addressed as follows:

Vernon L. Wells II, Esq.
Walston, Wells & Birshall, LLP
1819 5th Avenue North
Suite 1100
P.O. Box 830642
Birmingham, AL 35283-0642

R. Larry Bradford, Esq.
Jereme C. Logan, Esq.
Bradford, & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

J. Gusty Yearout, Esq.
Yearout & Traylor PC
800 Shades Creek Parkway, Suite 500
Birmingham, AL 35209

Lloyd W. Gathings,II
Gathings Law
2100 3rd Avenue North
Suite 900
Birmingham, AL 35203

Cathryn Blue Derian
Donald W. McCormick, III
McCormick & Associates PC
1829 E. Franklin Street, Suite 600
Chapel Hill, NC 27514

5

Case 2:08-cv-00635-PJ   Document 93-1   Filed 10/10/2008   Page 6 of 10

Gary D. Centola  
Rivkin Radler LLP  
926 RexCorp Plaza  
Uniondale, NY 11556  

Lynn S. Darty  
Sharon Donaldson Stuart  
Christian & Small LLP  
505 North 20th Street  
Birmingham, AL 35203  

/s/David K. Pharr  
Of Counsel

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION NO.: CV-08-J-0635-S |
| v. | )<br>) JURY TRIAL DEMANDED |
| HANNA STEEL CORPORATION, et al., | )<br>) |
| Defendants. | )<br>) |

## SUPPLEMENT TO HANNA STEEL'S RESPONSE TO AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY'S JOINDER IN FIREMAN'S FUND INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Hanna Steel Corporation ("Hanna Steel") respectfully submits this supplement in support of its Response to American Manufacturers Mutual Insurance Company's ("AMMIC") Joinder in Fireman's Fund Insurance Company's ("FFIC") Motion for Summary Judgment, as follows:

In support of its reply, AMMIC, a member of the Kemper group of insurers, argued that "there is no question under the clear language of the policy that the [absolute] pollution exclusion applies to all bodily injury and property damage

7

claims, including those within the products-completed operations hazard," and further that, "Any contrary suggestion is simply wrong." Docket No. 90 at p. 5.

At least one insurance coverage treatise indicates that Kemper has admitted just the opposite, as follows:

> The insurance industry has admitted, on numerous occasions, that the 'absolute' pollution exclusion does not preclude insurance coverage for damages arising out of 'products,' 'completed operations,' and 'certain off-premises discharges of pollutants.' [fn] 643 **For example, in its General Liability & Commercial Umbrella Underwriting Manual, the Kemper Group has stated that the 'absolute' pollution exclusion does not apply to 'products/completed operations hazards.'** [fn] 644
>
> ***
>
> [fn] 643 E.g., Insurance Services Office, Inc., Explanatory Memorandum, Pollution Exclusion Endorsement (1984) (on file with authors); *ISO Makes the Case for the CGL Insurance Services, Inc. responds to concerns raised at The Joint Forum on ISO's Proposed CGL Policy Forms*, Chicago, Illinois at 19 (Aug. 1985).
>
> [fn] 644 Kemper Group, *General Liability & Commercial Umbrella Underwriting Manual* § IV, ¶ 7(a), at 22.09 (on file with authors).

Eugene R. Anderson, et al., Insurance Coverage Litigation, 2d ed. (Aspen Law & Business 2000) (ISBN: 073551173X 9780735511736, OCLC: 42813025) (Emphasis added) ("Anderson treatise").

8

The language of the pollution exclusion clearly does not apply to the product-related claims in the Underlying Lawsuits. *See West American Ins. v. Tufco* Flooring, 409 S.E.2d 692 (N.C.App. 1991), *overruled on other grounds by Gaston County Dyeing v. Northfield Ins.,* 524 S.E.2d 558, 565 (N.C. 2000)(overruling a separate holding related to the coverage trigger method employed under North Carolina law). Alternatively, an ambiguity is created by the presence of products-completed operations coverage and a pollution exclusion that is limited to claims arising from pollution on or from the insured's premises or elsewhere in the context of waste handling. That ambiguity should be resolved in favor of Hanna Steel. Bibb Allen, Alabama Liability Insurance Handbook §§ 3-6(a) through (c) (*citing Burnham Shoes, Inc. v. West Am Ins. Co.*, 504 So. 2d 238 (Ala. 1987). If the Court determines that extrinsic evidence should be considered in resolving the ambiguity, the above-quoted excerpt from the Anderson treatise demonstrates the need for discovery prior to summary judgment. *Id.* at § 3-6 (d).

Respectfully submitted this __ day of October, 2008, by Hanna Steel Corporation.

Respectfully submitted,

_____

Hanna Steel Corporation

9

OF COUNSEL:

David Hymer
Joel M. Kuehnert
Sarah L. Nichols
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
dhymer@bradleyarant.com
jkuehnert@bradleyarant.com
snichols@bradleyarant.com

David K. Pharr
Bradley Arant Rose & White LLP
188 E. Capitol Street, Suite 450
Jackson, MS 39201
Telephone: (601) 592-9924
Facsimile: (601) 592-1424
dpharr@bradleyarant.com

10