FILED
2008 Nov-11  PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NUMBER 08-J-0635-S |
| v. | ) ) | |
| HANNA STEEL CORPORATION, ET AL., | ) ) ) | |
| Defendants. | ) | |

**FIREMAN'S FUND INSURANCE COMPANY'S MEMORANDUM BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Fireman's Fund Insurance Company ("FFIC") and submits its Memorandum Brief in Support of its Motion for Summary Judgment against Plaintiff Pennsylvania National Mutual Insurance Company ("Penn National") and Hanna Steel Corporation ("Hanna Steel") as follows:

**I.      Initial Statement of Undisputed Facts**

1.      FFIC issued a Commercial General Liability ("CGL") insurance policy to Hanna Steel, number KXC80371919 for the period December 1, 1998 to December 1, 1999 with limits of $1,000,000 each occurrence and $2,000,000 general aggregate (the "FFIC Policy").

2.     Among other things, the FFIC Policy contains a pollution exclusion[1],

which provides in pertinent part:

This insurance does not apply to:

    f.     Pollution

    (1)    Bodily injury or property damage arising out of the
           actual, alleged or threatened discharge, dispersal,
           seepage, migration, release or escape of pollutants:

        (a)    At or from any premises, site or location which is
               or was at any time owned or occupied by, or rented
               or loaned to, any insured;

        (b)    At or from any premises, site or location which is
               or was at any time used by or for any insured or
               others for the handling, storage, disposal,
               processing or treatment of waste;

        (c)    Which are or were at any time transported,
               handled, stored, treated, disposed of, or processed
               as waste by or for any insured or any person or
               organization for whom you may be legally
               responsible; or

                    * * * *

    (2)    Any loss, cost or expense arising out of any:

        (a)    Request, demand or order that any insured or
               others test for, monitor, clean up, remove, contain,

---

[1] The standard ISO pollution exclusion contained in the policy was amended by an endorsement entitled "Amendment of Pollution Exclusion – Exception for Building Heating Equipment (CG 00 54 03 97) ("the Endorsement"). The Endorsement amends the pollution exclusion by including an exception for bodily injury caused by pollution emanating from heating equipment within a building. The Endorsement's exception is not at issue in this case as the Underlying Actions make no claims for bodily injury as a result of exposure to Hanna Steel's heating equipment. See Exs. C, D, E.

treat, detoxify or neutralize, or in any way respond to, or asses the effects of pollutants; or

(b)    Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.   Waste includes materials to be recycled, reconditioned or reclaimed.

*See* Affidavit of Daniel J. Kane ("Kane Aff."), Ex. A to FFIC's Evidentiary Submission in Support of its Motion for Summary Judgment ("FFIC Evidentiary Submission") filed concurrently herewith.

3.    On or about April 10, 2008, Penn National, which also issued a Commercial General Liability insurance policy to Hanna Steel, filed the instant declaratory judgment action against FFIC, Hanna Steel, Hanna Steel's other insurers[2], and other parties[3] in the United States District Court for the Northern District of Alabama (the "Declaratory Judgment Action").

---

[2] The other insurer-defendants named in the April 10, 2008 complaint in the Declaratory Judgment Action are Columbia Casualty Company, National Fire Insurance Company of Hartford and American Manufacturers Mutual Insurance Company.  Penn National filed a First Amended Complaint on August 14, 2008 to add Commerce & Industry Insurance Company.

[3] The Declaratory Judgment Action also names Ceola Allen, Katie Lowery and Larry Aaron as defendants.  These individuals are the lead plaintiffs in three separate lawsuits filed against Hanna Steel for which Hanna Steel is seeking coverage from FFIC and its other insurers and which, as discussed in further detail below, form the basis of the Declaratory Judgment Action.

4.     The Declaratory Judgment Action seeks a declaration as to the rights and obligations of the parties concerning Hanna Steel's claim for coverage under the insurance policies issued by Penn National, FFIC and the other insurer defendants for three separate lawsuits brought against Hanna Steel in the Circuit Court of Jefferson County, Alabama: *Ceola Allen, et al. v. Hanna Steel Corp., et al.*, Civ. No. 04-79, (the "*Allen* Action"); *Katie Lowery, et al. v. Hanna Steel Corp., et al.*, Civ. No. 05-1749 (the "*Lowery* Action"); and *Larry Aaron, et al. v. Hanna Steel Corp., et al.*, Civ. No. 07-40 (the "*Aaron* Action"), (collectively, the "Underlying Actions"). *See* FFIC Evidentiary Submission at Exs. B, C, D.

5.     On October 30, 2008, Hanna Steel filed a Third Party Complaint against The American Insurance Company[4] and a cross-claim against FFIC seeking a declaration that The American Insurance Company is liable for amounts incurred in defense and/or through settlement or judgment of the Underlying Actions. Hanna Steel also asserted a cause of action alleging that The American Insurance Company and FFIC should be estopped from asserting the pollution exclusion contained in the FFIC policy as a defense to coverage. *See* Doc. 103.

6.     The Underlying Actions each allege that Hanna Steel is liable for damages, including bodily injury and damage to property, as a result of Hanna

---

[4] The American Insurance Company is an FFIC company.

4

Steel's manufacturing processes, which discharged particulates and/or gases and other harmful chemicals and pollutants into the air, soil, surface water and/or ground water in Jefferson County, Alabama and/or adjacent to the plaintiffs' property and the plaintiffs' bodies. *See* FFIC Evidentiary Submission at Ex. B, ¶¶ 3, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30; Ex. C, ¶¶ 4, 5, 10, 16; Ex. D, ¶¶ 4, 5, 7, 9, 11, 13, 15, 17, 19, 21, 27, 29, 31.

7.     The *Allen* and *Aaron* Actions also generically allege that some of the defendants "manufactured equipment that, when operated by another defendant, or defendants, in a manner that was reasonably anticipated, or should have been reasonably anticipated, at the time the equipment was manufactured, has caused or contributed to cause, jointly and severally, particulates and gases to be discharged into the atmosphere, or has sold equipment in commerce that, when operated by another defendant, or defendants, in a manner that was reasonably anticipated, or should have been reasonably anticipated, at the time the equipment was manufactured, has caused or contributed to cause, jointly and severally, particulates to be discharged into the atmosphere, or was under a duty to design, or to review the design of equipment that is being used by one or more of the named defendants, whose operations are, or have discharged pollutants into the atmosphere, or has been

under a duty to inspect the operations of one or more of the defendants." *See* FFIC Evidentiary Submission at Exs. B, ¶ 3; D, ¶ 4.

8.     On November 10, 2008, FFIC issued its revised coverage position concerning the *Allen* and *Aaron* actions[5], wherein FFIC agreed to defend Hanna Steel in those matters under a full reservation of rights with respect to, but not limited to, the applicability of the pollution exclusion contained in the FFIC Policy. *See* Kane Aff., Ex. A of FFIC Evidentiary Submission.

## II.    Summary of Argument

The question presented to this Court by FFIC in this motion for summary judgment is straightforward: does the "Absolute Pollution Exclusion" contained in FFIC's insurance policy exclude, as a matter of law, coverage for the Underlying Actions tendered to FFIC by Hanna Steel, consisting of class action lawsuits against Hanna Steel for allegedly causing property damage and bodily injury as a result of its alleged discharge of harmful chemicals and pollutants into the air, soil and water from its manufacturing plant in Jefferson County, Alabama and/or from equipment that it manufactured.

FFIC respectfully submits that the question posed in this motion has been addressed and answered by the Alabama Supreme Court in *Federated Mut. Ins. Co.*

---

[5] FFIC issued an amended coverage position concerning the *Lowery* Action on November 10, 2008 wherein FFIC adhered to its original disclaimer of coverage.

*v. Abston Petroleum, Inc.*, 967 So. 2d 705 (Ala. 2007).   In that decision, the Alabama Supreme Court unequivocally ruled just last year that the plain language of an Absolute Pollution Exclusion virtually identical to the language of the Absolute Pollution Exclusion contained in the FFIC policy, unambiguously precluded coverage for claims that were, in all relevant respects, the same as those brought against Hanna Steel in the Underlying Actions.

Furthermore, prior to the Alabama Supreme Court's decision in *Abston*, the U.S. District Court for the Middle District of Alabama, in *Kruger Commodities, Inc. v. U.S. Fidelity & Guar. Co.*, 923 F. Supp. 1474, 1477-80 (M.D. Ala. 1996), predicting how the Alabama Supreme Court would rule[6], held that claims involving allegations of injuries caused by pollutants discharged into the environment from the insured's industrial manufacturing activities fall squarely within the scope of an Absolute Pollution Exclusion.

Accordingly, FFIC respectfully submits that in light of the mandate provided by the Alabama Supreme Court regarding the application of the Absolute Pollution Exclusion, and other clear case law this Court should grant FFIC's motion in all respects.

---

[6] The *Kruger* court specifically observed that there was no Alabama or Nebraska state court rulings upon which to rely for guidance on this issue and, therefore predicted (quite accurately) how those state courts would eventually rule when the issue was raised before them.

# ARGUMENT

## A.   Standard of Review

It is well settled that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Patterson & Wilder Constr. Co. v. United States*, 226 F.3d 1269, 1273 (11th Cir. 2000). By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment and the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 248. As to the issue of materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment and factual disputes that are irrelevant or unnecessary will not be counted. *Id.*

Here, there is no factual dispute that all of the Underlying Actions allege that the plaintiffs' injuries were caused by the discharge of pollutants into the air, soil and water as a result of Hanna Steel's manufacturing processes. Moreover, with

respect to the *Allen* and *Aaron* actions, the allegations suggest that Hanna Steel may have manufactured equipment which was operated by third parties and discharged pollutants into the environment.   Accordingly, because Alabama state and federal decisional authority has previously and routinely determined that coverage is not available for claims involving bodily injury or property damage caused by the dispersals of pollutants into the environment under the Absolute Pollution Exclusion, FFIC is entitled to a finding that it has no duty to defend nor indemnify Hanna Steel for the Underlying Actions as a matter of law.[7]

**B.**    **The Absolute Pollution Exclusion Contained in the FFIC Policy Precludes Coverage for the Underlying Actions Against Hanna Steel under Alabama Law**

The Alabama Supreme Court has clearly held that there is no coverage under a Commercial General Liability insurance policy if the complaint against the insured fails to allege a covered accident or occurrence or the evidence in the underlying litigation does not support a finding that there may be a covered accident or occurrence.  *Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank*, 928 So. 2d 1006, 1010 (Ala. 2005); *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, (Ala. 2001).

---

[7] FFIC does not believe there is any dispute among the parties that Alabama law governs the interpretation of the FFIC Policy.  Specifically, because the Court's jurisdiction over this matter is based upon diversity of citizenship, the Court is bound to apply the substantive law of the state in which it sits.  *Tang How v. Edward J. Gerrits, Inc.*, 961 F.2d 174, 178 (11th Cir. 1992).  Accordingly, actions involving insurance policies are governed by *lex loci contractus*, wherein a contract is governed as to its nature, obligation and validity by the law of the place where it was made.  *Cincinnati Ins. Co., Inc. v. Girod*, 570 So. 2d 595, 597 (Ala. 1990); *Ferris v. Jennings*, 851 F.Supp. 418, 421 (M.D. Ala. 1993).

Accordingly, because neither the allegations of the Underlying Actions, nor any evidence that may be presented during the litigation of those matters could ever be interpreted as involving anything other than property damage or bodily injury because of pollutants which were discharged into the environment by Hanna Steel's manufacturing activities or equipment manufactured, if any, FFIC has no further duty to defend nor does it have any indemnify Hanna Steel for any settlement or judgment in the Underlying Actions as a matter of law.

Alabama law is well settled that insurance companies are entitled to limit their insurance liability through policy exclusions so long as those exclusions do not violate statutory law or public policy. *Hooper v. Allstate Ins. Co.*, 571 So. 2d 1001, 1002 (Ala. 1990). If an insured purchases a policy containing an unambiguous exclusion that does not violate a statute or public policy, Alabama courts will enforce the contract as written. *Johnson v. Allstate Ins. Co.*, 505 So. 2d 362, 365 (Ala. 1987). A court will not ignore the express provisions of the policy, including exclusionary clauses, in order to create a new contract for the parties. *Smith v. Auto-Owners Ins. Co.*, 500 So. 2d 1042, 1046 (Ala. 1986).

The Alabama Supreme Court has recognized that the issue of whether a provision contained in an insurance policy is ambiguous is a question of law for the court to decide. *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 308 (Ala.

1999).  If the terms within a contract are plain and unambiguous, the construction of

the contract and its legal effect become questions of law for the court.  *Abston*, 967

So. 2d at 708, *citing Slade*, 747 So. 2d at 308.

In specifically addressing Absolute Pollution Exclusions contained in

Commercial General Liability policies, the Alabama Supreme Court, in *Abston*,

determined that the applicability of an absolute exclusion clause depends upon the

"affirmative confluence" of three distinct elements:

> (1) the bodily injury or property damage in question must
> have been caused by exposure to a pollutant; (2) that
> exposure must have arisen out of the actual, alleged, or
> threatened discharge, dispersal, release, or escape of the
> pollutant; and that discharge, dispersal, release, or escape
> must have occurred at or from certain locations or have
> constituted waste; and (3) the exclusion comes into play
> only with respect to bodily injury or property damage
> arising out of the discharge, dispersal, release, or escape of
> pollutants at or from certain categories of locations, or
> which have been transported, stored, handled, treated,
> disposed of, or processed as waste.

*Abston*, 967 So. 2d at 708, *citing Porterfield v. Audubon Indem. Co.*, 856 So. 2d

789, 801 (Ala. 2002).  Accordingly, in a claim involving coverage for allegations of

property damage and bodily injury caused by gasoline leaks from underground

pipelines, the Alabama Supreme Court reversed the lower court's award of summary

judgment to a policy holder by finding that the Absolute Pollution Exclusion was

unambiguous, thereby precluding coverage for the claim as a matter of law, and

11

remanded the matter for further proceedings consistent with its findings.  *Abston*,
967 So. 2d at 713.

More specifically, in *Abston*, despite the unambiguous language of the
exclusion involved, the Alabama Supreme Court was asked to consider whether
gasoline, which had leaked into the environment from underground pipes leading to
storage tanks, qualified as a "pollutant" as used in an Absolute Pollution Exclusion
so as to preclude coverage for resultant allegations of property damage and bodily
injury.  The Supreme Court began its analysis by observing that "[b]ecause the
question of ambiguity is one of law, we must first decide whether the pollution
exclusion in the Federated Mutual policy is ambiguous.   If the clause is
unambiguous, then this Court must enforce the terms of the policy as written."
*Abston*, 967 So. 2d at 713.   Thereafter, the Alabama Supreme Court found that
gasoline was clearly a pollutant based on the fact that "deleterious consequences"
occur when such substance "is introduced into the soil or when its fumes escape into
the atmosphere."  *Id.*   Importantly, the Court refused to consider the insured's
arguments that the drafting and regulatory clauses of such exclusions should be
examined to determine the existence of an ambiguity, nor was the Court persuaded
by the insured's attempt to construe the exclusion differently based upon the policy
of construing exclusionary clauses against the insurer.  *Id.*

Here, it is beyond peradventure that the Underlying Actions against Hanna Steel allege that the plaintiffs' injuries occurred because of the "classic polluting activities" contemplated by the Alabama Supreme Court when it determined that the Absolute Pollution Exclusion clearly and unambiguously operates to preclude coverage for such claims.

Indeed, even before *Abston*, the Alabama courts and federal District Courts applying Alabama law have routinely found that the Absolute Pollution Exclusion and its narrower precursor, the qualified pollution exclusion, clearly and unambiguously preclude coverage when the injuries alleged simply "arise out of the actual, alleged, or threatened discharge, dispersal, release or escape of pollutants" and that no rational reading of the Absolute Pollution Exclusion could lead to another conclusion. *Kruger*, 923 F. Supp. at 1477-80 (absolute pollution exclusion precluded coverage for damages arising from odors emitted during the insured's manufacturing activities); *see also Haman, Inc. v. St. Paul Fire & Marine Ins. Co.*, 18 F. Supp. 2d 1306, 1308-09 (N.D. Ala. 1998); *Hicks v. American Resources Ins. Co.*, 544 So. 2d 952 (Ala. 1985); *Molton Allen & Williams, Inc. v. St. Paul Fire & Marine Ins. Co.*, 347 So. 2d 954 (Ala. 1977) (qualified pollution exclusion applied to exclude coverage for the discharge of industrial refuse); *Norfolk S. Ry. Co. v. Roberts*, 1996 U.S. Dist. LEXIS 21816, *20-21 (N.D. Ala. 1996). The reason for

this is simple – it is a well-established principle of Alabama law that claims arising from industrial pollution such as those alleged against Hanna Steel in the Underlying Actions are precisely the type of claims excluded by pollution exclusions, including the Absolute Pollution Exclusion.

One Alabama court's analysis of the Absolute Pollution Exclusion illustrates exactly how the language of the exclusion is unambiguously worded so as to broadly preclude coverage for pollution claims:

> "At first glance, the present [absolute pollution] exclusion is far more detailed, encompassing twelve paragraphs and subsections. … [T]he present exclusion bars coverage for the 'actual … discharge, dispersal, seepage, migration, release, or escape of pollutants,'. . . In short, the court finds that the present exclusion is far more specific and covers a far broader range of activities than the [qualified] pollution exclusion at issue in the cases cited by the Plaintiff."

*Shalimar Contractors v. American States Ins. Co.*, 975 F. Supp. 1450, 1453, 1456 (M.D. Ala. 1997).

Even before *Shalimar*, the U.S. District Court for the Middle District of Alabama in *Kruger, supra*, was persuaded by decisions from other jurisdictions relied upon by the insurer, all of which routinely and clearly held that an Absolute Pollution Exclusion such as the one contained in the FFIC policy clearly precludes recovery for damage caused by substances emitted during the normal operation of

an industrial business. *Kruger*, 923 F. Supp. at 1478, *citing Hydro Systems, Inc. v. Continental Ins. Co.* 929 F.2d 472, 474-76 (9th Cir. 1991); *American States Ins. Co. v. F.H.S., Inc.*, 843 F. Supp. 187, 189 (S.D. Miss. 1994) (pollution exclusion barred coverage for respiratory irritation claims resulting from ammonia releases by a policyholder); *Crabtree v. Hayes Dockside, Inc.*, 612 So. 2d 249, 252 (La. Ct. App. 1992); *O'Brien Energy Systems, Inc. v. American Employers' Ins. Co.*, 629 A.2d 957, 962 (Pa. Super. Ct. 1993).

It is difficult to imagine cases more supportive than *Abston, Kruger* and *Shalimar* as a foundation for granting FFIC's motion for summary judgment. Here, in each of the Underlying Actions, the plaintiffs allege that during its manufacturing operations, Hanna Steel discharged "harmful chemicals and pollutants" into the environment causing the bodily injury and property damage. FFIC Evidentiary Submission, Ex. B at ¶¶ 3, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30; Ex. C at ¶¶ 4, 5, 10, 16; Ex. D at ¶¶ 4, 5, 7, 9, 11, 13, 15, 17, 19, 21, 27, 29, 31. In the *Allen* and *Aaron* Actions, the plaintiffs further allege that defendants, which may or may not include Hanna Steel, manufactured equipment that discharged "harmful chemicals and pollutants" into the environment causing the bodily injury and property damage. FFIC Evidentiary Submission, Exs. B at ¶ 3; D at ¶ 4.

Accordingly, it is clear that the damages claimed in the Underlying Actions were allegedly caused solely by exposure to particulates, gases and other harmful chemicals and pollutants which arose from the discharge of such substances into the environment from Hanna Steel's manufacturing plant located in Jefferson County, Alabama.   Thus, these claims are clearly barred from coverage pursuant to subparagraph (1) (a) of the Absolute Pollution Exclusion contained in the FFIC Policy.  In the case of the *Allen* and *Aaron* Actions, to the extent those actions seek damages caused by third parties' discharge of waste in the form of particulates, gases and other pollutants from the operation of equipment that may have been manufactured by Hanna Steel, these claims are clearly barred from coverage pursuant to subparagraph (1) (c) of the Absolute Pollution Exclusion contained in the FFIC Policy.  Moreover, because each of the Underlying Actions seek to hold Hanna Steel responsible for responding to and assessing the effects of pollutants, subparagraph (2) (a) of the Absolute Pollution Exclusion, operates independently to preclude coverage for the Underlying actions, whether the allegations involve discharges arising from Hanna Steel's own facility or third- party discharges of particulates, gases and/or pollutants being treated as waste in others' industrial operations.   In short, there can be no question that the Underlying Actions are

16

precisely the type of claims that the Alabama Supreme Court has clearly held fall squarely within the Absolute Pollution Exclusion contained in the FFIC policy.

**C.    The Products-Completed Operations Hazard And The Personal Injury Coverage Part Of The FFIC Policy Does Not Bring The Underlying Actions Within The Scope Of Coverage**

For the reasons set forth in pages 14 through 20 of defendant American Manufacturers Mutual Insurance Company's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, to the extent the Underlying Actions constitute claims for bodily injury or property damage arising out of the "Products-Completed Operations Hazard" contained in the FFIC Policy, the Absolute Pollution Exclusion still applies to bar coverage for the Underlying Actions. Moreover, because the Underlying Actions simply do not fall within the Personal Injury Coverage Part of the FFIC Policy, the analysis set forth above concerning the Absolute Pollution Exclusion contained in the FFIC Policy applies to bar coverage for the claims against Hanna Steel.

**D.    FFIC Is Not Estopped From Relying On The Absolute Pollution Exclusion As A Basis For Disclaiming Coverage For The Underlying Actions Against Hanna Steel**

Hanna Steel's recent counterclaim against FFIC asserts a cause of action for estoppel by generally alleging that FFIC's citation of the Total Pollution Exclusion in its prior disclaimers for the Underlying Actions somehow precludes FFIC from

relying on the Absolute Pollution Exclusion contained in the FFIC policy. This assertion has no basis in law or fact. Indeed, the Alabama Supreme Court has routinely and clearly rejected this theory.

It is well-settled that coverage under an insurance policy cannot be enlarged by estoppel[8] and that estoppel is not available to bring within the coverage of an insurance policy risks that are not covered by its terms or expressly excluded therefrom. *Home Indem. Co. v. Reed Equipment Co.*, 381 So. 2d 45, 51 (1980). To this end, the Alabama Supreme Court clearly distinguished between situations where an insurer seeks to disclaim based on a forfeiture of coverage by breach of a policy condition and situations where an insurer seeks to disclaim based upon the scope of coverage afforded by the policy.

Accordingly, because FFIC's earlier disclaimers and the arguments against coverage in this motion are based on the application of a policy exclusion rather than breach of a policy condition precedent to coverage that would otherwise be available, the Alabama Supreme Court has held that courts are bound to enforce the unambiguous language of the insurance policy as written. *Aetna Ins. Co. v. Pete Wilson Roofing & Heating Co.*, Inc. 272 So. 2d 232 (1972). Consequently, any

---

[8] The Alabama Supreme Court has set forth the elements that must be proven in order to prevail on an estoppel claim as: (1) A position of authority assumed by defendant [insurer] under the color of right; (2) submission to and reliance upon that assumption, by plaintiff [insured]; and (3) injury suffered by plaintiff as a proximate consequence of such submission and reliance. *Mooradian v. Canal Ins. Co.*, 130 So. 2d 915 (1961). Hanna Steel is unable to satisfy the elements of estoppel as a matter of law.

attempt by Hanna Steel to defeat FFIC's motion for summary judgment or to assert any claims against FFIC based on estoppel must be summarily rejected.

**III.**   <u>Conclusion</u>

WHEREFORE, for each of the reasons set forth above, FFIC respectfully requests that this Court grant FFIC's Motion for Summary Judgment in its entirety, along with all other relief this Court deems just and proper as there is no genuine issue of material fact and FFIC is entitled to judgment as a matter of law.

Dated:  November 11, 2008

By: /s/*Gary D. Centola*
    Gary D. Centola (admitted pro hac vice)
    William J. Edwins (admitted pro hac vice)
    Rivkin Radler LLP
    926 RexCorp Plaza
    Uniondale, NY  11556-0926
    (516) 357-3000
    (516) 357-3333 (fax)

    <u>OF COUNSEL</u>:

    Sharon Stuart (DON015)
    Lynn S. Darty (DAR010)
    CHRISTIAN & SMALL LLP
    1800 Financial Center
    505 North Twentieth Street
    Birmingham, AL 35203-2696
    (205) 795-6588
    (205) 328-7234 (fax)

    Attorneys for Defendant Fireman's Fund
    Insurance Company