FILED

2009 Feb-18  PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

PENNSYLVANIA NATIONAL
MUTUAL INSURANCE
COMPANY,

     Plaintiff,

vs.                                                        CASE NO. CV-08-J-0635-S

HANNA STEEL
CORPORATION, et al.,

     Defendants.

## MEMORANDUM OPINION

Pending before the court is defendant National Fire Insurance Company of Hartford's ("National Fire") motion for summary judgment, evidence in support of said motion, and memorandum in support of its motion (doc. 163). Defendant Hanna Steel Corporation ("Hanna Steel") filed a response in opposition to defendant National Fire's motion for summary judgment and evidentiary submissions (doc. 176). Defendant National Fire filed a reply (doc. 179) as amended (doc. 180) to defendant Hanna Steel's response.

Having considered all the pleadings and submissions, the court concludes that defendant National Fire's motion for summary judgment is due to be granted as no genuine issues of material fact remain, and defendant National Fire is entitled to a

judgment in its favor as a matter of law.

## I. Procedural History

_____On April 10, 2008, Pennsylvania National Mutual Insurance Company ("Penn National") filed the instant declaratory judgment action against Hanna Steel and Hanna Steel's insurers[1] (doc. 1, doc. 60).  Ceola Allen, Katie Lowery, and Larry Aaron, the lead plaintiffs in the three underlying lawsuits filed against Hanna Steel,[2] were also named as defendants.  The declaratory judgment action seeks a declaration that Penn National policies do not provide coverage for the claims asserted against Hanna Steel in the underlying lawsuits, that Penn National does not owe a duty to defend or indemnify Hanna Steel in such suits, and that Hanna Steel's other insurers owe a defense to Hanna Steel.  Hanna Steel filed a cross-claim against National Fire asserting counts of declaratory judgment and breach of contract (doc. 110).  National Fire now moves for summary judgment on the cross-claim and on each count in the

---

[1]  The insurer-defendants include American Manufacturers Mutual Insurance Company, Columbia Casualty Company, National Fire, and Fireman's Fund Insurance Company.  Penn National added Commerce and Industry Insurance Company through its First Amended Complaint on August 14, 2008 (doc. 60).

[2]  These underlying suits brought against Hanna Steel in the Circuit Court of Jefferson County, Alabama, include: *Ceola Allen, et al. v. Hanna Steel Corp., et al.*, Civ. No. 04-79, Exhibit 2-C to National Fire's Summary Judgment; *Katie Lowery, et al. v. Hanna Steel Corp., et al.*, Civ. No. 05-1749, Exhibit 2-D to National Fire's Summary Judgment; and *Larry Aaron, et al. v. Hanna Steel Corp., et al.*, Civ. No. 07-42, Exhibit 2-E to National Fire's Summary Judgment.  This lawsuit is marked both as Civ. No. 07-40 and Civ. No. 07-42 in state court, but it is one lawsuit, namely *Larry Aaron, et al. v. Hanna Steel Corp., et al.*

declaratory judgment action (doc. 163).

## II. Factual Background

National Fire issued two policies of commercial liability insurance to Hanna Steel.  Horwitz Decl. ¶ 4, Exhibit 1 to National Fire's Summary Judgment.  The first policy was numbered C 2087921667 and was effective from December 1, 2005, to December 1, 2006.  *Id.* at ¶ 5.  The second policy was numbered C 2087921667 and was effective from December 1, 2006, to December 1, 2007.  *Id.* at ¶ 6.  The policies provide coverage for bodily injury or property damage that occurs during the policy period in the amount of $1 million per occurrence, subject to a $2 million aggregate limit of liability.   Policies, Limits of Insurance, Commercial General Liability Coverage Form, § 1, Coverage A, ¶ 1.a, Exhibit 1-A to National Fire's Summary Judgment, Exhibit 1-B to National Fire's Summary Judgment.

Both of the policies, although different, contain an identical pollution exclusion, stating that "[t]his insurance does not apply to:"

> f.    **Pollution**
>
> > (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
> >
> > > (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.  However, this subparagraph does not

3

apply to:

\* \* \* \*

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

> (i) Any insured; or
> (ii) Any person or organization for whom you may be legally responsible; or

\* \* \* \*

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a

governmental authority.

Policies, Commercial General Liability Coverage Form, § 1, Coverage A, ¶ 2.f, Exhibit 1-A to National Fire's Summary Judgment, Exhibit 1-B to National Fire's Summary Judgment.

Generally, the underlying complaints in the three lawsuits against Hanna Steel allege that Hanna Steel, along with numerous other defendants, caused pollutants, particulates, or gases to be discharged into the atmosphere, land, and/or waters, resulting in personal injury and property damage. *See Ceola Allen, et al. v. Hanna Steel Corp., et al.*, Civ. No. 04-79, ¶¶ 3-4, Exhibit 2-C to National Fire's Summary Judgment; *Katie Lowery, et al. v. Hanna Steel Corp., et al.*, Civ. No. 05-1749, ¶¶ 4-5, Exhibit 2-D to National Fire's Summary Judgment; and *Larry Aaron, et al. v. Hanna Steel Corp., et al.*, Civ. No. 07-42, ¶¶ 4-5, Exhibit 2-E to National Fire's Summary Judgment. For example, the *Aaron* complaint alleges that Hanna Steel and other defendants: (1) "discharged particulates or gases into the atmosphere;" (2) "manufactured equipment that has, when operated by another defendant, or defendants . . . caused or contributed to cause . . . particulates or gases to be discharged into the atmosphere;" (3) "sold equipment in commerce that, when operated by another defendant, or defendants . . . caused or contributed to cause . . . particulates to be discharged into the atmosphere;" (4) "[were] under a duty to design,

5

or to review the design [of] equipment that is being used by one or more of the named defendants, whose operations are, or have discharged pollutants into the atmosphere;" or (5) were "under a duty to inspect the operations of one or more of the other defendants." *Aaron* Complaint, ¶ 4, Exhibit 2-E to National Fire's Summary Judgment. The *Allen* complaint makes identical allegations, *Allen* Complaint, ¶ 3, Exhibit 2-C to National Fire's Summary Judgment, while the *Lowery* complaint only alleges that Hanna Steel and other defendants: (1) "discharged particulates or gases into the atmosphere and into the ground water;" (2) "caused or contributed to cause particulates or gases to be discharged into the atmosphere or the ground water;" or (3) were "under a duty to inspect the operations of one or more of the other Defendants." *Lowery* Complaint, ¶ 4, Exhibit 2-D to National Fire's Summary Judgment.

All of the complaints in the underlying lawsuits then assert counts of negligence, wantonness, trespass, nuisance, and outrage against Hanna Steel. *Allen* Complaint, Exhibit 2-C to National Fire's Summary Judgment; *Lowery* Complaint, Exhibit 2-D to National Fire's Summary Judgment; *Aaron* Complaint, Exhibit 2-E to National Fire's Summary Judgment. The *Allen* and *Aaron* actions also add counts of breach of duty to warn, fraud, misrepresentation and deceit, common law strict liability, negligent infliction of emotional distress, intentional infliction of emotional

6

distress, and permanent injunction.  *Allen* Complaint, Exhibit 2-C to National Fire's Summary Judgment; *Aaron* Complaint, Exhibit 2-E to National Fire's Summary Judgment.  The *Allen* plaintiffs are the only plaintiffs in the underlying lawsuits who assert counts of battery and assault against Hanna Steel and the other defendants. *Allen* Complaint, Exhibit 2-C to National Fire's Summary Judgment.[3]

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always

---

[3]  The *Lowery* complaint also contains a count for "Product Claim against Fictitious Defendants." *Lowery* Complaint, Exhibit 2-D to National Fire's Summary Judgment.

bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(e); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-

material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991). However, the court should not make credibility determinations, nor weigh the parties' evidence. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

## IV. Legal Analysis

*The Pollution Exclusion Precludes Coverage for the Underlying Lawsuits Against Hanna Steel*

Under Alabama law, several general rules govern the court's interpretation of the insurance policy at issue. "An insurer's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint filed against the insured." *Thorn v. American States Ins. Co.*, 266 F.Supp.2d 1346, 1349 (M.D. Ala. 2002); *Auto-Owners Ins. Co. v. Toole*, 947 F.Supp. 1557, 1561 (M.D. Ala. 1996); *see also Alfa Mutual Ins. Co. v. Morrison,* 613 So.2d 381, 382 (Ala. 1993); *Ladner & Co. v. Southern Guar. Ins. Co.*, 347 So.2d 100, 102 (Ala. 1977). When a plaintiff's "complaint alleges an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured." *U.S. Fidelity and Guar. Co. v. Armstrong*, 479 So.2d 1164, 1167 (Ala. 1985) (citing *Ladner & Co.*, 347 So.2d at 102). The insured must prove

9

that a claim is covered under the policy, and the insurer must show that any exclusion in the policy is applicable. *Thorn*, 266 F.Supp.2d at 1349.

"If the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court and, when appropriate, may be decided by a summary judgment." *McDonald v. U.S. Die Casting and Development Co.*, 585 So.2d 853, 855 (Ala. 1991). When the insurance policy is unambiguous, the court "must enforce the terms of the insurance policy as written." *Federated Mutual Ins. Co. v. Abston Petroleum, Inc.*, 967 So.2d 705, 710 (Ala. 2007). Additionally, the applicability of a pollution exclusion, as contained in National Fire's policy in question, "depend[s] upon the 'affirmative confluence' of three elements:"

> The bodily injury or property damage in question must have been caused by exposure to a 'pollutant'; that exposure must have arisen out of the actual, alleged, or threatened discharge, dispersal, release, or escape of the pollutant; and that discharge, dispersal, release, or escape must have occurred at or from certain locations or have constituted 'waste.' In other words, the exclusion comes into play only with respect to bodily injury or property damage arising out of the discharge, dispersal, release, or escape . . . of pollutants . . . at or from certain categories of locations, or which have been transported, stored, handled, treated, disposed of, or processed 'as waste.'

*Id.* at 708 (quoting *Porterfield v. Audubon Indemnity Co.*, 856 So.2d 789, 801 (Ala. 2002)).

The three underlying complaints against Hanna Steel have one common theme: pollution emanating from Hanna Steel's premises.  Regardless of how craftily worded the underlying allegations may be, ultimately the injured parties are seeking recovery for the discharge of "particulates or gases into the atmosphere."  National Fire's policy expressly addresses such claims in its pollution exclusion, providing that "[t]his insurance does not apply to:"

     f.     **Pollution**

          (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

               (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.  However, this subparagraph does not apply to:

                                      * * * *

Policies, Commercial General Liability Coverage Form, § 1, Coverage A, ¶ 2.f, Exhibit 1-A to National Fire's Summary Judgment, Exhibit 1-B to National Fire's Summary Judgment.  This exclusion bars coverage for every count against Hanna Steel in the underlying state court cases.  As stated *supra*, at the heart of each underlying complaint is the assertion that Hanna Steel and other defendants discharged pollutants from their premises resulting in property damage.  Therefore,

the plain language of the pollution exclusion must be applied to preclude coverage.

*Thorn v. American States Ins. Co.*, 266 F.Supp.2d 1346 (M.D. Ala. 2002), is an instructive case demonstrating the court's unwillingness to accept the plaintiff insureds' argument that the phrasing and use of certain terms in the underlying counts should permit coverage under the policy.  There, the insureds conceded that claims "of fraud, suppression, and deceit that [were] founded upon the alleged *intent* or *willful purpose* to harm" were excluded from coverage, but asserted that claims for "negligent, mistaken, or innocent fraud" should be covered.  *Id.* at 1350 (emphasis added).  The court rejected this reasoning, holding that "while the claims . . . include negligent, mistaken, or innocent fraud, a complete reading of each claim shows that the acts alleged are intentional, and that no theory of negligent, mistaken, or innocent fraud is actually *alleged* or *supported*."  *Id.* (emphasis added).  "[T]he inclusion of words alleging non-intentional conduct does not change the fact that the claims essentially allege intentional fraud."  *Id.* at 1351.  This approach is equally applicable to the underlying claims in this case.  Although the underlying plaintiffs make allegations that sound in product liability and other causes of action, the essence of the complaints seek recovery for damages from pollution caused by the manufacturing activities conducted on Hanna Steel's premises.  Thus National Fire's pollution exclusion applies.

## V. Conclusion

Having considered the foregoing, the court concludes that an Order and Judgment in favor of defendant National Fire is warranted, as follows:

(1) For the reasons stated, National Fire's Motion for Summary Judgment is due to be **GRANTED** as follows, the court finding that no genuine issues of material fact exist:

National Fire has no coverage obligation under the policy issued to Hanna Steel for the claims asserted against it in the underlying actions brought by the individual defendants, and is entitled to judgment as a matter of law with respect to the cross-claim filed by Hanna Steel (doc. 110) against National Fire.

(2) As the court has found that National Fire has no coverage obligation under the policy issued to Hanna Steel for the claims asserted against it in the underlying actions brought by the individual defendants, National Fire is also entitled to judgment as a matter of law with respect to the claims asserted by Penn National (doc. 60) against National Fire.

The court directs judgment in favor of National Fire and against all other parties to this action with respect to any obligations of National Fire in this matter. This order resolves all claims by or against National Fire.  It would be unjust not to provide National Fire with a final judgment as that harsh result would deny it repose

while any remaining claims are litigated by other parties in this court.  Further, final judgment under Rule 54(b) will serve to streamline this matter and thus serves the purposes of sound judicial administration.   Therefore, this court also makes an explicit and direct determination that there is no just reason for delay and said judgment shall be entered as final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

The court **ORDERS** that National Fire's motion for summary judgment be and hereby is **GRANTED**.  The court shall so rule by separate Order.

**DONE** and **ORDERED** this 18th day of February, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE